[No. 19710.   Department Two.   March 22, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. H. S. JONES, *Appellant*.[1]

[1] CRIMINAL LAW (460)—PUNISHMENT FOR SUBSEQUENT OFFENSES—HABITUAL CRIMINALS.  Rem. Comp. Stat., § 2286, providing that a person who has twice been convicted shall be adjudged an habitual criminal, and punished as such, applies only where the previous convictions were prior in time to the commission of the last offense; and it is error to adjudge one an habitual criminal upon three convictions on the same day for past offenses.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered September 30, 1925, upon a trial and conviction of larceny.  Reversed.

*Hanna, Miller & Hanna,* for appellant.

*W. L. LaFollette, Jr.,* and *S. R. Clegg,* for respondent.

MACKINTOSH, J.—On September 30, 1925, the appellant pleaded guilty to three informations filed on that day, each charging him with the crime of petit larceny.  On the afternoon of the same day an information was filed against appellant charging him with being an habitual criminal, based upon the three convictions for petit larceny.  On the last information, that is, the habitual criminal one, appellant was sentenced to not less than ten nor more than eleven years in the state penitentiary, and from that judgment and sentence he has appealed, raising the question as to the sufficiency of the information charging him with being an habitual criminal.

Section 2286, Rem. Comp. Stat., provides that every person who has twice been convicted shall be adjudged

[1]Reported in 244 Pac. 395.

to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years. It was under this section that the appellant was prosecuted. The question, then, is whether the appellant had, within the contemplation of the statute, been twice previously convicted, appellant contending that the fact that he had had three convictions on the same day that the information was filed does not bring him within the operation of the statute.

Considering this question, it is to be borne in mind that the habitual criminal statute was passed in the hope of working a reformation of criminals, and, when that hope of reformation had passed, the increased punishment should be meted out, but only then. *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27; 1 Wharton Criminal Law, 2. If that is the purpose of the act, then it should be so interpreted that the increased punishment should not be inflicted until an opportunity for reformation had been given. In many of the states it is expressly provided that the increased punishment shall apply only to offenses committed after the first conviction. The rule is generally stated in 8 A. & E. Ency. Law, p. 484, as follows:

"Most of the statutes providing for cumulative punishment are expressly made to apply only to a second offense committed after conviction for a first; and even in the absence of an express provision to that effect, such a meaning will be implied."

*Brown v. Commonwealth,* 100 Ky. 127, 37 S. W. 496; *Commonwealth v. Daley,* 4 Gray (Mass.) 209; *State ex rel. Filer v. Patterson,* 22 Atl. (N. J.) 802; *Long v. State,* 36 Tex. 6; 8 R. C. L. 275; *Commonwealth v. McDermott,* 224 Pa. St. 363, 73 Atl. 427, 24 L. R. A. (N. S.) 431; *Ex parte Tung Fong,* 59 Cal. App. 499, 211 Pac. 32; *State v. Scheminisky,* 31 Idaho 504, 174 Pac. 611; 22 Cyc. 356.

. ·Our statute being silent on the question, it would seem that, in order to fulfill the purpose of the statute and to follow what seems to be the decided weight of authority, it is necessary to hold that the increased punishment can only apply to an offense committed after conviction for the previous one or ones. The convictions here having been simultaneous, the increased punishment is not justifiable. In 16 C. J. 1339, it is said:

"The statute, in some jurisdictions, when construed with other provisions of the penal code, is considered a reformatory measure and contemplates an enhanced punishment for a party who, after conviction, does not reform, but persists in committing other offenses of a like character, and therefore will not warrant the cumulation of a number of cases occurring simultaneously in order to add to the punishment of the case on trial."

Underhill on Criminal Evidence (3d ed.), § 772, makes this statement of the rule:

"Many of the statutes regulating the punishment of habitual criminals expressly declare that it must appear in evidence that the subsequent crime was committed after the date of the prior conviction of the accused. This rule requiring it to be proved that the conviction of the earlier crime antedates the commission of the latter offense for which the accused is now on trial would doubtless apply even where the statute is silent on this point, as otherwise the offender would have had no opportunity to reform because of the salutary discipline of the punishment which he has received as a consequence of the first conviction. The infliction of the increased punishment is a consequence of the failure to reform on the part of the accused after his earlier punishment. Hence, if the latter crime has been committed prior to the conviction, it is no proof whatever that the sentence and punishment under such conviction had failed in their reformatory effect upon the accused."

By virtue of these authorities and the evident intent of the law, the contention of the appellant must be sustained and the conviction under the habitual criminal information set aside, with directions to the court to proceed to sentence him upon the convictions under the petit larceny informations.

Reversed.

Tolman, C. J., Main, Mitchell, and Parker, JJ., concur.