[No. 29681. Department One. November 15, 1945.]

*In the Matter of the Application of* ALVIE RICE *for a Writ of Habeas Corpus.*[1]

[1]Reported in 163 P. (2d) 583.

H. E. *Foster*, for appellant.

*The Attorney General* and *R. Paul Tjossem, Assistant*, for respondent.

STEINERT, J.—This is an appeal from an order denying a petition for a writ of *habeas corpus* to obtain the release of the petitioner from detention in the Washington state penitentiary.

Appellant, Alvie Rice, as petitioner instituted this proceeding originally in this court by filing an application therein for such writ. His petition alleged that since June, 1937, he has been wrongfully and unlawfully detained and imprisoned in the state penitentiary, without legal authority or warrant, but solely by virtue of an alleged judgment which is utterly void, and that his imprisonment is in violation of the Federal and state constitutions. Attached to the petition, and by reference made a part thereof, was a copy of the judgment.

Upon presentation of the petition, the chief justice referred the matter to the superior court for Pierce county and at the same time issued an order directing the superintendent of the state penitentiary to show cause before that court, on a day fixed, why the petition should not be granted.

The superintendent in due time made a written return, alleging therein that on May 11, 1937, the appellant petitioner was, by information filed in the superior court for King county, charged in count one thereof with the crime of carnal knowledge, in count two with the crime of incest, and in count three with the crime of contributing to the delinquency of a minor, as shown by a copy of the information attached to and made a part of the return; that thereafter the appellant was arraigned and, upon his plea of not guilty, was tried before a jury and found guilty upon all three counts; that he was thereupon sentenced to confinement

in the penitentiary, for a term of not more than twenty years on count one, for the term of ten years on count two, and to confinement in the county jail for thirty-seven days on count three, such sentences to run concurrently; that subsequently, a warrant of commitment was issued; and that by virtue of such judgment, sentence, and commitment, the appellant has ever since been held in custody in the penitentiary.

The information referred to above in count one charged the appellant with the crime of carnal knowledge in that on March 29, 1937, he wilfully, unlawfully, and feloniously did carnally know and abuse a named female child, not his wife, of the age of fourteen years; in count two charged appellant with the crime of incest in that on the same day, and in the same manner, he did have sexual intercourse with the same child, who was his daughter; and in count three charged appellant with the crime of contributing to the delinquency of a minor, in that on the same day and in the same manner he did encourage, cause, and contribute to the delinquency of the same child by then and there taking indecent liberties with her.

The judgment, referred to in appellant's petition, entered June 19, 1937, recited that appellant, the defendant named in the judgment, on coming into court, with his counsel, was by the court duly informed of the nature of the information against him for the crimes above mentioned, of his plea, and of the trial and the verdict of the jury thereon, and was then and there asked whether he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. The judgment by its terms then declared the defendant guilty of each of the three crimes already mentioned, imposed the sentences set forth above, and ordered that the defendant be delivered into the custody of the proper officers to be transported to the penitentiary.

In response to the return thus made by the superintendent, appellant herein demurred thereto on the ground that it showed no legal excuse for his detention and moved for judgment directing the issuance of a writ of *habeas corpus,*

for the reason that no issue had been tendered by the return. The matter then came on for hearing before the court on the demurrer and, after argument by counsel, the court entered an order denying the petition for the writ. From that order, this appeal was taken.

In his assignments of error appellant avers (1) that the judgment and sentence are void; (2) that the court erred in refusing to discharge him from custody; and (3) that the court also erred in refusing to find that the sentencing court was without jurisdiction to enter the judgment of conviction.

Under these assignments, appellant contends, in his brief, that the judgment of conviction and sentence is void because (1) it does not contain the necessary jurisdictional recitals; (2) the sentence on count one (carnal knowledge) is *ex post facto;* (3) it does not show the section of the statute, or the particular subdivision thereof, under which the judgment was entered; and (4) it does not deraign any established facts showing the statutory mandates as to count two (incest). Upon the oral argument appellant made the additional contentions (a) that he was improperly charged with three offenses committed at the same time and place, and upon the same person; and (b) that the judgment failed to recite that he was an *adult* male person.

Appellant's contention numbered (1), as designated above, has been definitely disposed of by what we said with respect to an identical contention in the case of *In re Clark, ante* p. 105.

Appellant's second contention, designated (2) above, is that the sentence imposed upon him is *ex post facto*. This contention is predicated upon certain changes made in the statute relative to carnal knowledge.

The crimes with which appellant was charged, and of which he was convicted, were committed on March 29, 1937. The statute then in force relative to carnal knowledge was Rem. Rev. Stat., § 2436 [P. C. § 9108] (Laws of 1919, chapter 132, p. 368), which provided:

"Every male person who shall carnally know and abuse

any female child under the age of eighteen years, not his wife, . . . shall be punished as follows:

"(1) When such child is under the age of ten years, by imprisonment in the state penitentiary for life;

"(2) When such child is ten and *under fifteen years of age*, by imprisonment in the state penitentiary for *not less than* five years;

"(3) When such child is fifteen and under eighteen years of age, by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year." (Italics ours.)

In 1937 the legislature amended that section of the statute by enacting chapter 74, p. 321, Laws of 1937 (Rem. Rev. Stat. (Sup.), § 2436 [P. C. § 9108]), effective June 9, 1937, ten days prior to the entry of the judgment involved in this case. The later statute provided that every *adult* male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, shall be punished as follows:

"(1) When such an act is committed upon a child under the age of *fifteen years*, imprisonment in the state penitentiary *for life;*

"(2) When such an act is committed upon a child of fifteen and under eighteen years of age, by imprisonment in the state penitentiary for not more than twenty years." (Italics ours.)

While not material here, this section was amended by Rem. Supp. 1943, § 2436 [P. P. C. § 118-183].

In this case, the child upon whom the act was committed was *fourteen* years of age. Appellant did not receive the sentence of life imprisonment, provided for in Rem. Rev. Stat. (Sup.), § 2436, but, instead, a sentence for the term of not more than twenty years, which was consistent with the earlier act, Rem. Rev. Stat., § 2436 (2).

By Rem. Rev. Stat., § 2006 [P. P. C. § 123-11], it is provided that whenever any criminal or penal statute shall be amended or repealed, all offenses committed, or penalties or forfeitures incurred, while it was in force, shall be punished or enforced as if the original statute were still in force, notwithstanding such amendment or repeal, unless

a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings. *State v. Newcomb,* 58 Wash. 414, 109 Pac. 355, Ann. Cas. 1912B, 115; *State v. Hanlen,* 190 Wash. 563, 69 P. (2d) 806; *State v. Mehlhorn,* 195 Wash. 690, 82 P. (2d) 158.

 Appellant was therefore subject to sentence under Rem. Rev. Stat., § 2436, taken in connection with Rem. Rev. Stat. (Sup.), § 10249-2 [P. P. C. § 782-5], relating to the fixing of maximum terms by the court and the fixing of the duration of confinement by the board of prison terms and paroles. *In re Clark, ante* p. 105. The sentence imposed by the court did not exceed that which was permissible under the law as it then stood. Hence there is no aspect of an *ex post facto* application of law involved in count one of the information.

The same conclusion is reached with respect to count two, involving incest and punishable under Rem. Rev. Stat., § 2455 [P. P. C. § 113-67], taken in connection with Rem. Rev. Stat. (Sup.), § 10249-2.

With respect to count three, which charged appellant with the crime of contributing to the delinquency of a minor, the punishment was properly imposed under Rem. Rev. Stat., § 1987-17 [P. P. C. § 359-33].

Appellant's contentions designated (3) and (4) above are sufficiently answered and disposed of by what was said concerning similar contentions in the case of *In re Clark, ante* p. 105.

 The next contention made by appellant, designated (a) above, is that he was improperly charged with three offenses committed at the same time and place, and upon the same person.

Rem. Rev. Stat., § 2059 [P. P. C. § 132-13], provides, among other things, that when there are several charges against a person for the same act or transaction, if the charges are such as may be properly joined, the whole may be joined in one indictment, or information, in separate counts, instead of having several indictments or informa-

tions. *State v. Dixon,* 143 Wash. 262, 255 Pac. 109; *State v. McMahon,* 145 Wash. 672, 261 Pac. 639; *State v. Bowen,* 150 Wash. 136, 272 Pac. 48; *State v. Powers,* 152 Wash. 155, 277 Pac. 377; *State v. Sullivan,* 172 Wash. 530, 22 P. (2d) 56.

While it may be said that the charges contained in this information constitute but a single act or transaction, and that the counts simply charge several separate legal consequences of the same act, the charges are nevertheless by the express terms of Rem. Rev. Stat., § 2059, capable of being joined in the same information. Appellant has not been successively placed in jeopardy for *former* convictions of the same offense; he has been but once convicted for the commission of an act which constitutes three statutory offenses, being the legal consequences of the one act. Since the sentences run concurrently and do not exceed the penalty fixed by the statute for one of the offenses of which he was properly convicted, appellant is punished but once for his unlawful act.

Appellant's final contention, designated (b) above, is that the judgment failed to recite that he was an *adult* male person.

This contention is sufficiently met and disposed of by what was said, with reference to a similar contention, in the case of *In re Clark, ante* p. 105. The point is of even less force here than in the *Clark* case, because Rem. Rev. Stat., § 2436, quoted above, under which appellant was charged and convicted, does not include the term "adult"; that term first appears in the later statute, Rem. Rev. Stat. (Sup.), § 2436.

This disposes of all of the contentions made by the appellant. In conclusion, however, we again say, as we did in the *Clark* case, *supra,* upon the authority of *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73, *In re Van Wagner, ante* p. 99, and *In re Boggie, ante* p. 102, that proceedings to obtain a writ of *habeas corpus* are not available or permissible to review trial errors, but are limited by law to those cases where it appears that the judgment, including the sentence upon which the petitioner for such writ

is held in confinement, *is void on its face*. This pronouncement is, of itself, a complete and conclusive answer to all of appellant's contentions, for the judgment involved in this case does not show upon its face, nor when read in connection with any applicable statute, that it is void.

The order denying the petition for writ of *habeas corpus* is affirmed.

BEALS, C. J., MILLARD, SIMPSON, and MALLERY, JJ., concur.

[1]Reported in 163 P. (2d) 587.