same time, this Court has favored one and ignored the other.

Every plaintiff who loses his claim cannot reinstate his action when a rule of law favorable to him is declared, either by the legislature or the court. But that is not what is attempted here. This action had hardly come to rest when the Moragne petition was filed, and Mrs. Weed had continually asked this Court to be considered with that case. The facts of this case are even more compelling than those in *Gondeck* v. *Pan American World Airways, Inc.,* 382 U. S. 25, in which this Court confirmed that, " 'the interest in finality of litigation must yield where the interests of justice would make unfair the strict application of our rules.' " *Id.,* at 26–27. Moreover, had Mrs. Weed proceeded through the federal courts, or had she instituted her suit later, she might have arrived in this Court after Mrs. Moragne. She did reach the Court three weeks before Mrs. Moragne; but her petition was denied. Had she followed Mrs. Moragne to this Court, the result in her case would have been different. All she asks is that the Court apply the law in her case that was applied in the one following hers.

No. 300.　ODOM *v.* UNITED STATES, *ante,* p. 23;

No. 339.　SLAKMAN *v.* FLORIDA, *ante,* p. 901;

No. 520.　CIMINI *v.* UNITED STATES, *ante,* p. 911;

No. 521.　O'MALLEY *v.* UNITED STATES, *ante,* p. 911;

No. 553.　MARTIN, DBA SILKO NEW IMPROVED PRODUCTS CO. *v.* CROWN ZELLERBACH CORP., *ante,* p. 911;

No. 572.　COUSINS *v.* UNITED STATES, *ante,* p. 904;

No. 5255.　SHOLE *v.* O'FERRALL, ASSISTANT ATTORNEY GENERAL OF MARYLAND, ET AL., *ante,* p. 839;

No. 5377.　KAMSLER *v.* BELLOWS, BELLOWS & MAGIDSON, *ante,* p. 912; and

No. 5710.　SHOLE *v.* HOWARD ET AL., JUDGES, *ante,* p. 928. Petitions for rehearing denied.