*[891]
 
 SCHWAB, C. J.
 

 Defendant was convicted of the crime of sexual abuse in the second degree, ORS 163.415(1), which provides:
 

 “A person commits the crime of sexual abuse in the second degree if he subjects another person to sexual contact * * *.
 

 * * * * »
 

 Sexual contact is defined by ORS 163.305(7) as:
 

 " 'Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party.”
 

 Defendant makes four assignments of error, but they all deal with but one issue: Can an intentional touching of buttocks through clothing constitute a touching of "intimate parts”? In Proposed Oregon Criminal Code 122, Commentary, §§ 115 and 116 (1970), the Criminal Law Revision Commission stated:
 

 "* * * [T]he contact need not be directly with the person’s body; it is sufficient if the defendant touches the victim’s sexual or intimate parts through clothing * * * ”
 

 It also stated at 122:
 

 "The inclusion of the words 'or other intimate parts’ does not limit the touching to genitalia but is intended to include genitalia, breasts and whatever anatomical areas the trier of fact deems 'intimate’ in the particular cases which arise. Thus the ultimate decision of 'intimate’ parts is left to the community sense of decency, propriety and morality.”
 

 The evidence in this case was sufficient to create a jury question as to whether the victim’s buttocks were "intimate parts.”
 
 Cf. People v. Thomas,
 
 46 USLW 2238 (— App Div2d — (New York City 1977).
 

 Affirmed.