[No. 8065–2–I.   Division One.   February 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE OTTO JOHNSON, *Appellant.*

460

*Byron H. Ward,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Howard Todd, Deputy,* for respondent.

WILLIAMS, J.—Clyde Otto Johnson, charged by information with first degree statutory rape and indecent liberties, was found guilty of both by a jury and appeals from the judgment entered on the verdict.

The only facts necessary to relate are that Johnson, alone with a 5-year-old girl, washed her in the private area and required her to perform fellatio upon him. He then took her into another room where he placed her on his lap and exposed himself while reading to her.

The first question is whether the trial court erred in deciding that the 5-year-old victim was competent to testify. The test for competency of a child witness is:

> (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*State v. Allen,* 70 Wn.2d 690, 692, 424 P.2d 1021 (1967). *See also* CrR 6.12(c).

The primary responsibility to determine the witness' ability to meet the requirements of this test is with the trial

judge who saw the witness, noticed her manner and considered her capacity and intelligence. *State v. Allen, supra* at 692. The trial judge carefully examined the witness, receiving intelligent responses from her. There is nothing to suggest that the trial judge abused his discretion in ruling that she was competent to testify.

■ The next question is whether the court erred in not requiring the child to subscribe to a formal oath. A formal oath is not required. *State v. Collier,* 23 Wn.2d 678, 694, 162 P.2d 267 (1945). The witness was adequately apprised of the importance of telling the truth.

■ The next question is whether the evidence of the conduct forming the statutory rape was the same as in the taking of indecent liberties, thus putting Johnson twice into jeopardy for the same act. *State v. Swindell,* 93 Wn.2d 192, 195, 607 P.2d 852 (1980); *State v. Roybal,* 82 Wn.2d 577, 582, 512 P.2d 718 (1973). It fairly appears that the activities in the bathroom were all part of the statutory rape. But the subsequent acts, occurring apart from and independent of the rape, support the charge of indecent liberties. *State v. Allen,* 94 Wn.2d 860, 621 P.2d 143 (1980).

Indecent liberties occurs when:

> A person . . . knowingly causes another person who is not his spouse to have sexual contact with him or another:
>
> . . .
>
> (b) When the other person is less than fourteen years of age . . .

RCW 9A.44.100(1).

■ Although there was no proof that Johnson touched the victim's genitals when he placed her on his lap and read to her, his exposing himself at the same time established the contact as sexual in character. As was said in *In re Adams,* 24 Wn. App. 517, 601 P.2d 995 (1979), wherein only the victim's hips were touched:

> [W]e believe that the hips are a sufficiently intimate part of the anatomy that a person of common intelligence has fair notice that the nonconsensual touching of them is

prohibited, *particularly if that touching is incidental to other activities which are intended to promote sexual gratification of the actor.*

(Italics ours.) *In re Adams, supra* at 520. *See State v. Buller,* 31 Ore. App. 889, 571 P.2d 1263 (1977).

The judgment is affirmed.

JAMES, C.J., and ANDERSEN, J., concur.

Reconsideration denied April 21, 1981.

Review granted by Supreme Court July 27, 1981.