[No. 47794-9. En Banc. January 15, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE
OTTO JOHNSON, *Petitioner.*

*Byron H. Ward,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Robert S. Lasnik, Senior Deputy,* and *Howard K. Todd, Deputy,* for respondent.

HICKS, J.—Clyde Johnson was convicted of statutory rape in the first degree and indecent liberties. The Court of Appeals affirmed the convictions. We granted petition for review as we disagree with the reasoning of the Court of Appeals. We do, however, affirm both the trial court and Court of Appeals in the result.

Defendant's convictions were based on the following evidence:

A five-year-old girl went down the street to play with her friend. The friend was not home, but the man who lived with her mother, Clyde Johnson, was. Johnson took the girl into the bathroom and washed her "bottom" with a washcloth. Afterwards he had her perform fellatio upon him. They were in the bathroom when both acts took place.

According to the girl, they then went into the living room so he could "read some books" to her. She sat on his lap. While they were reading, "he put it out".

The girl's parents learned of the incident later that day when she asked her father if milk comes out of a penis. Both parents testified at trial, without objection, as to what she had related to them of the incident.

The girl, as the trial judge observed, is a bright child, but nevertheless had a great deal of difficulty discussing the incident. She testified that defendant told her it was "milk" that "came out of the penis", but she didn't think so "cause it tasted yucky". The information charged two counts, count 1—statutory rape, count 2—indecent liberties. According to the prosecutor's affidavit of probable cause, the latter charge was based on the incident in the bathroom when Johnson wiped the child's bottom.

When the jury returned guilty verdicts on both counts, the court sentenced Johnson to 20 years for rape and 10 years for indecent liberties, to run concurrently.

Johnson appealed and both convictions were affirmed by the Court of Appeals. *State v. Johnson*, 28 Wn. App. 459, 624 P.2d 213 (1980). However, the court substituted, as the factual underpinnings for the indecent liberties conviction, the latter incident when Johnson exposed himself to the child as he read to her on his lap.

The convictions are based on the following statutes:

RCW 9A.44.070 states:

(1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

(2) Statutory rape in the first degree is a class A felony. No person convicted of statutory rape in the first degree shall be granted a deferred or suspended sentence except for the purpose of commitment to an inpatient treatment facility.

RCW 9A.44.010 states in part:

(1) "Sexual intercourse" (a) has its ordinary meaning and occurs upon any penetration, however slight, and

(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

(c) Also means any act of sexual contact between persons involving the sex organs of one person and the

mouth or anus of another whether such persons are of the same or opposite sex.

RCW 9A.44.100 states:

(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

(a) By forcible compulsion; or

(b) When the other person is less than fourteen years of age; or

(c) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

(2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

(3) Indecent liberties is a class B felony.

Both defendant and the State on motion for reconsideration to the Court of Appeals and on petition for review to this court asserted that the conduct of defendant in the living room did not rise to the level of indecent liberties, at least as the evidence came in at trial.

Although the State later altered its approach on oral argument to this court, we agree with the parties' original positions that proof of the lap–sitting incident did not include the requisite element of "sexual contact". Thus there was not evidence to support the separate indecent liberties conviction. However, the two acts in the bathroom as originally charged by the State and argued to the jury do support both convictions.

■ On the issue of the competency of the child witness, we agree with the reasoning of the Court of Appeals. This was within the sound discretion of the trial court and the record demonstrates no abuse of discretion in finding her competent and allowing her testimony.

As to defendant's challenge to RCW 9A.44.100 as constitutionally overbroad, it is not well taken. In his petition he questions whether the indecent liberties statute "becomes unconstitutionally vague in its application to defendant",

and asserts that "the statute becomes overly broad and constitutional problems are created." Then on oral argument, counsel argued that the term "intimate parts" was unconstitutionally vague.

■ An "as applied" vagueness challenge was rejected in *In re Adams*, 24 Wn. App. 517, 601 P.2d 995 (1979). *See also State v. Galbreath*, 69 Wn.2d 664, 419 P.2d 800 (1966), which rejected "facial" vagueness arguments concerning the former indecent liberties statute, RCW 9.79.080(2).

The bare quote with no citations is the extent of defendant's overbreadth argument, except for his remarks on oral argument of this matter. A governmental purpose to control or prevent activities constitutionally subject to regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. However, in *Broadrick v. Oklahoma*, 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973), the Supreme Court emphasized a "substantial overbreadth" theme, and suggested that overbreadth invalidations were inappropriate when the allegedly impermissible statute affected "conduct" rather than "speech". In the instant case, defendant's conduct is admittedly within the power of the State to proscribe. He advances no "protected freedom" that he or any other person might have to counterbalance the State's interest. Therefore, even if the petition argued overbreadth in a more serious fashion, we do not believe that any argument that RCW 9A.44.100 is overbroad or unconstitutionally vague would be persuasive.

The last issue is whether defendant's convictions for both indecent liberties and statutory rape for the incidents in the bathroom violate the double jeopardy clauses, Const. art. 1, § 9 and the Fifth Amendment.

■ First, we note that the sentences for the two crimes were to run concurrently. The rule in this state has long been that where there are several charges against a person for the same act or transaction and convictions are obtained on all counts, if his sentences are made to run concurrently and do not exceed the penalty for one of the offenses of

which he was properly convicted, he is being punished "but once for his unlawful act." *In re Rice,* 24 Wn.2d 118, 124, 163 P.2d 583 (1945). Although the rule was questioned in dictum in *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979), it was not rejected.

In *State v. Claborn,* 95 Wn.2d 629, 628 P.2d 467 (1981), this court upheld against a double jeopardy challenge deadly weapon penalty enhancements attached to both a burglary conviction and a theft conviction for the same transaction. But we stated in footnote 7 at page 637:

> We note with interest that this case does not actually involve multiple enhancement as a practical matter. Appellant was sentenced to a maximum term of not more than 10 years on count 2 (burglary in the second degree) and 10 years on count 3 (theft in the first degree) *to run concurrently.*

The federal courts also do not find multiple punishment where sentences run concurrently. In *United States v. Nickerson,* 211 F.2d 909 (7th Cir. 1954), the court held that where two indictments describing the same offense are tried at the same time, there is neither double jeopardy nor double punishment if the judgment provides that the sentences shall run concurrently and if the maximum time the defendant must serve is not more than the maximum sentence provided for one of the crimes. *See Brooks v. United States,* 267 U.S. 432, 69 L. Ed. 699, 45 S. Ct. 345, 37 A.L.R. 1407 (1925). *See also Maxfield v. United States,* 152 F.2d 593 (9th Cir. 1945).

The leading Supreme Court decisions in the area of double jeopardy and multiple punishment raise the issue only in the context of "cumulative" punishment through consecutive sentences. *See Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932); *Whalen v. United States,* 445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980); *Brown v. Ohio,* 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977); and most recently *Albernaz v. United States,* 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981).

Such a large policy change in the criminal law we decline to make, and counsel has set out no convincing reasons why we should. In our view, there is no multiple punishment, and no constitutional infirmity, where the sentences are imposed concurrently. However, the maximum must be no more than the maximum punishment defendant was in "jeopardy" of receiving had he gone to trial only on the single most serious crime that could be charged stemming from his criminal conduct.

One issue of multiple punishment that concerned this court on oral argument of this cause was the use of contemporaneous convictions for purposes of habitual criminal proceedings under RCW 9.92.090. Both counsel maintained correctly that contemporaneous convictions (obtained on the same day arising out of one transaction) count as only one previous crime. *State v. Jones,* 138 Wash. 110, 244 P. 395 (1926); *State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980). Thus, in this we do not find a potential for cumulative or multiple punishment.

That the legislature intends as the public policy of this state that defendants can be charged and convicted for different crimes arising from a single act is clear from RCW 9.92.080(2) which calls for concurrent sentences unless the court orders otherwise:

> Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, unless the court, in pronouncing sentence, expressly orders the service of said sentences to be consecutive.

Thus, there is no constitutional double jeopardy nor multiple punishment policy issue where the sentences on crimes charged for the same act are made to run concurrently.

 Only if the trial court, under RCW 9.92.080(2), determines to impose sentences consecutively, does a double jeopardy issue arise. The inquiry then becomes the test we set out in *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). In *Roybal,* we specifically rejected the "same transaction" test and applied the "same evidence" test. The

same transaction test focuses on defendant's behavior or intent rather than on the evidence or proof required to convict. Under the same evidence test the defendant's double jeopardy rights are violated if he is charged with offenses that are "'identical both in fact and in law'". *Roybal,* at 582.

The rule enunciated in *Roybal* had its origins in *State v. Reiff,* 14 Wash. 664, 45 P. 318 (1896), where the court held that the constitutional prohibition against placing a person twice in jeopardy for the same offense is not violated by a second prosecution for a separate and distinct offense based upon a different statute, the penalty for which is different than that which attaches to the other conviction, although the acts upon which the separate charges are based may be the same.

We stated in *Roybal* that "the collective thrust of our prior decisions has been to look at the required evidence necessary to sustain each charge." *Roybal,* at 582.

In the case before us it is clear, and counsel for the defendant agreed at oral argument, that the conduct of defendant included three separate acts: genital contact with a washcloth, fellatio, and the lap–sitting incident when he exposed himself. Although counsel for defendant agrees that the acts are separate and not all part of the rape, he would have us find no indecent liberties for the incident where defendant wiped the child's genitals as there was no proof of sexual intent or state of mind indicating that defendant acted for purposes of his own sexual gratification.

Standing alone, such an incident would likely fail on that key element, but taken together with the act of fellatio performed soon after, the sexual character of the encounter was unmistakable, and the jury was entitled to so find from the evidence presented.

We do not view the preliminary bottom wiping as part of the rape. While it is true in most cases that indecent liberties is a lesser included offense of statutory rape (*see State v. Miller,* 30 Wn. App. 443, 635 P.2d 160 (1981)), it is not

merged in the greater offense when it is based on a separate act, proof of which is not required for conviction of the statutory rape charge. *Cf. State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979), where proof of the kidnapping and/or assault were necessary to a first degree rape conviction, discussed *infra.*

A lesser included offense to count 1 (the rape charge) would be indecent liberties, so had the prosecutor, for instance, not been able to prove through the child's testimony the actual genital contact with the child's mouth the defendant would have still been convicted of the lesser included offense of indecent liberties. However, count 2, the separate act of taking the child's pants off and wiping her bottom was neither necessary to the proof of the rape, nor was it a fact upon which the conviction of rape rested. It was a separate act in the same transaction, for which the legislature has set out separate penal sanctions. That indecent liberties are taken by the touching of a child's private parts is clear from the case of *State v. Huey,* 14 Wn.2d 387, 128 P.2d 314 (1942), where the defendant pulled the child's dress up and put his hand on her privates, then taking the girl on his lap and doing the same.

Had only the fellatio been involved, defendant would have been charged and convicted of rape without any need to prove the other act. Had only the other act been committed, and not the fellatio, only one count of indecent liberties could have been charged. The incident in the living room, as the proof came in, appears to have been an act of indecent exposure rather than indecent liberties.

The acts in the bathroom were independent of each other, and under the *Roybal* same evidence test previously discussed, the offenses are neither identical "in fact" nor identical "in law". Defendant might have been prosecuted for either act alone. The two crimes he was convicted of were not for the same act, as the same evidence was not used to convict him for the rape as to convict him for indecent liberties. This analysis would be different were the pants taken down and the contact had been in the course of

96 Wn.2d p. 935, lines 6 & 7 The cite "Davies v. Krueger,
36 Wn.2d 649, 219 P.2d 969"
should be "State v. Leach,
36 Wn.2d 641, 219 P.2d 972"

a rape or attempted rape by vaginal penetration. *See In re Adams,* 24 Wn. App. 517, 601 P.2d 995 (1979).

For cases charging separate crimes of indecent liberties, carnal knowledge, statutory rape, indecent exposure with minors, contributing to the delinquency of a minor, incest, *see In re Rice,* 24 Wn.2d 118, 163 P.2d 583 (1945); *Davies v. Krueger,* 36 Wn.2d 649, 219 P.2d 969 (1950); *State v. Kosanke,* 23 Wn.2d 211, 160 P.2d 541 (1945).

*In re Rice, supra,* upheld the charging and conviction of defendant for the three crimes of carnal knowledge, incest, and contributing to the delinquency of a minor, all for the same act of having sexual intercourse with his daughter. The court stated in response to defendant's contention that he was convicted of three crimes for one act:

> While it may be said that the charges contained in this information constitute but a single act or transaction, and that the counts simply charge several separate legal consequences of the same act, the charges are nevertheless by the express terms of Rem. Rev. Stat., § 2059, capable of being joined in the same information. Appellant has not been successively placed in jeopardy for *former* convictions of the same offense; he has been but once convicted for the commission of an act which constitutes three statutory offenses, being the legal consequences of the one act.

*In re Rice, supra* at 124.

The court went on to say that in any case there was no multiple punishment where the sentences run concurrently and do not exceed the penalty for the greatest offense.

In *People v. Greer,* 30 Cal. 2d 589, 600, 184 P.2d 512 (1947), the court recognized:

> The divisibility of acts in cases involving sex offenses is not easily susceptible of exact definition. The cases show no uniformity in this field, and there are many instances of artificial distinctions. The rule can be set down for the guidance of the trial court in the present case, however, that if the touching of the prosecutrix's body charged in the first information was essentially such touching as would be considered a part of the rape itself, it could not serve as a basis for a separate conviction.

*See also People v. Slobodion,* 31 Cal. 2d 555, 191 P.2d 1 (1948); *State v. Hill,* 104 Ariz. 238, 450 P.2d 696 (1969).

In the case before us, the divisibility of the acts is clear, and the preliminary act in the bathroom was not part of the rape. The defendant has not been subject to multiple punishment by being charged twice with two separate offenses in this case, even had he been sentenced consecutively. Since the requisite evidence necessary to sustain either charge, standing alone, would not sustain a conviction of the other charge, there is no double jeopardy. *See State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973); *State v. La Porte,* 58 Wn.2d 816, 365 P.2d 24 (1961); *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975).

*State v. Johnson, supra,* held that first degree rape, kidnapping and assault merged into one crime, that of first degree rape. The issue was the "pyramiding" of charges as a way of inflaming the jury when the legislature had clearly intended, in enacting statutes distinguishing different degrees of rape as class A, B, or C felonies, to punish defendant only once for the assault and/or kidnapping attending the first degree rape.

The legislature, we determined, intended not to allow the prosecutor to obtain convictions on the separate crimes, but rather to increase the punishment level for first degree rape by making other criminal conduct incident to that rape an aggravating factor leading to a class A felony. Since the same evidence (of the attendant assault and kidnapping) is required to convict of first degree rape, according to the intent of the legislature and our same evidence test, those crimes merged into the higher degree of the crime.

But *Johnson* is not determinative of the case before us, as proof of the separate act preceding the statutory rape was not necessary to proof of the statutory rape, and the legislature has not designated that the separate acts should merge.

■ Legislative intent is determinative of double jeopardy/multiple punishment challenges under the holdings of the United States Supreme Court. The most recent case in

the area is *Albernaz v. United States,* 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981), which held that where an offender by a single transaction violates several statutory provisions, to hold each violation a distinct offense does not offend against multiple punishment or double jeopardy. The court stated that the double jeopardy clause prohibits punishing twice for a single offense committed in the same act, but does not prohibit convictions for different offenses arising out of a single act.

The approach taken in the instant case and in *Johnson,* of analyzing legislative intent to resolve a defendant's double jeopardy challenge to multiple charges and convictions arising from the same act or transaction, is clearly stated in *Albernaz,* at page 344:

> Last Term in *Whalen* v. *United States,* [445 U.S. 684, 63 L. Ed. 2d 715, 100 S. Ct. 1432 (1980)] this Court stated that "the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." In determining the permissibility of the imposition of cumulative punishment for the crime of . . . unintentional killing in the course of rape, the Court recognized that the "dispositive question" was whether Congress intended to authorize separate punishments for the two crimes. This is so because the "power to define criminal offenses and to prescribe punishments to be imposed upon those found guilty of them, resides wholly with the Congress." *Ibid.* As we previously noted in *Brown* v. *Ohio,* [432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977)] "[w]here consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." 432 U. S., at 165. Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.

(Some citations omitted.)

The legislative intent expressed in RCW 9A.44.070, 9A.44.010, 9A.44.100, and particularly RCW 9.92.080(2), leads us to find no double jeopardy multiple punishment infirmity in defendant's two convictions for separate acts in the bathroom.

Affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.

UTTER, J. (concurring)—I concur in the result reached by the majority, but think it is too broad. The double jeopardy question is controlled by *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). The two offenses in this case were not based on the "same evidence". While subsequent rape may provide the requisite intent for the indecent liberties charge, majority opinion at 933, it is quite clear that "the required evidence under either charge would be insufficient to convict under the other." *Roybal,* at 582.

*Roybal,* however, is not applicable only when consecutive sentences exist. The opinion is silent as to such a qualification, and its reasoning does not rest on whether the sentences are concurrent or consecutive. The *Roybal* test is applicable in both contexts. As the court in *State v. Johnson,* 92 Wn.2d 671, 679, 600 P.2d 1249 (1979), stated:

> Conviction in itself, even without imposition of sentence, carries an unmistakable onus which has a punitive effect and the presence of multiple convictions is apt to affect the minimum sentence set by the parole board. Further, if a prosecutor may not secure a subsequent conviction for the same offense, he should not be permitted to secure a concurrent conviction.

If a defendant were convicted of both the greater and lesser included offense on the "same evidence", the defendant would be subject to multiple punishments regardless of whether the sentences ran concurrently. This is not such a case; *Roybal* dictates the conclusion that the defendant

Johnson has not been subjected to double jeopardy.