[No. 5428–1–II. Division Two. October 8, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CLIFTON J. BRICENO, *Appellant.*

*Mark L. Yelish,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Anthony C. Otto, Deputy,* for respondent.

REED, C.J.—Defendant Briceno was convicted of first degree burglary and second degree assault. These charges arose out of an incident in which the defendant forced his way into the victim's house and then beat and kicked him so severely that he suffered cuts and bruises. On appeal, the only issue raised is whether the trial court erred in refusing to find that the assault and burglary convictions merged so that defendant properly could be convicted only of a single crime, *i.e.,* burglary in the first degree. Defendant does not challenge the burglary conviction. Defendant received concurrent sentences of 20 years for burglary and 10 years for

assault. We affirm.

 Defendant does not challenge his first degree burglary conviction. We note his sentences were made to run concurrently and thus defendant has been punished "but once for his unlawful act." *In re Rice,* 24 Wn.2d 118, 163 P.2d 583 (1945). Accordingly, we invoke the concurrent sentence doctrine and elect to not consider his assignment of error. *State v. Rice,* 24 Wn. App. 562, 603 P.2d 835 (1979). *Cf. State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982). *See also Hirabayashi v. United States,* 320 U.S. 81, 87 L. Ed. 1774, 63 S. Ct. 1375 (1943); *United States v. Cousins,* 429 F.2d 1271 (9th Cir.), *cert. denied,* 400 U.S. 904, 27 L. Ed. 2d 141, 91 S. Ct. 143, *reh'g denied,* 400 U.S. 984, 27 L. Ed. 2d 396, 91 S. Ct. 364 (1970).

In *State v. Birgen,* 33 Wn. App. 1, 651 P.2d 240 (1982), Division One of this court refused to employ the concurrent sentence doctrine and addressed the merits of the appeal despite the imposition of concurrent sentences and Birgen's failure to challenge one of his two convictions (forcible rape and statutory rape). While recognizing that the rule is not a jurisdictional bar to consideration of double jeopardy claims, the *Birgen* court conceded, albeit reluctantly, the doctrine's continuing vitality as a rule of appellate restraint or convenience. *Benton v. Maryland,* 395 U.S. 784, 791, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969).

We concede the concurrent sentence doctrine should not be employed indiscriminately in each instance where one or more of multiple convictions are not challenged, or if challenged are affirmed, and all sentences are made to run concurrently. Rather its use will depend on the facts of each case. Factors we will consider, *inter alia,* are: the seriousness of the error(s) assigned on appeal, the weight of the evidence against the defendant, and the actual ramifications of applying the doctrine to defendant's sentence situation. We will not speculate, however, as to possible or remote collateral consequences of sentencing.

Accordingly, we deem it appropriate to employ the rule in Mr. Briceno's case because (1) he does not challenge the

sufficiency of the evidence to support the jury's verdict that he brutally assaulted his victim; (2) his claim does not have constitutional dimensions, and would not even had he received consecutive sentencing, because he committed two separate "offenses," *Albernaz v. United States,* 450 U.S. 333, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981); *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969); *Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932); *State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982); *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973); and (3) at most, his claim is that the prosecution, by "pyramiding" the charges, achieved a result not contemplated by the Legislature. *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979). In these circumstances, and because we are convinced that the Board of Prison Terms and Paroles will be influenced—and well it should be—by the actual facts of the assault[1] rather than the niceties of a formal conviction, we have no nagging concern with any remote "collateral consequences"[2] or the "stigma" associated with such a conviction.

The judgment and sentences on both counts are affirmed.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied November 12, 1982.

---

[1]*See* RCW 9.95.170; *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979).

[2]Washington is not among those states which permit, for habitual criminal offender purposes, the accumulation of multiple convictions arising out of a single information, a concern expressed in *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). *E.g., State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982); *State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980); *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978).