[No. 4319-0-II. Division Two. March 3, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. KUM SUN CLARK, *Appellant.*

*Craig Adams,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Gerald A. Horne, Deputy,* for respondent.

REED, J.—Kum Sun Clark urges us to overturn her convictions for (1) attempted bribery, (2) promoting prostitution in the second degree, and (3) employing a person without a valid masseuse license. Clark received concurrent

5–year sentences for the two felony convictions, counts 1 and 2. Having found no error, we affirm.

As part of a vice investigation, Deputy Hoffman of the Pierce County Sheriff's Office employed a civilian agent to visit massage parlors suspected of prostitution activities. The agent entered the Eurasian Sauna operated by the defendant Kum Sun Clark. He was offered and accepted sexual services for a fee. After being briefed by the agent, Deputy Hoffman visited the sauna and was greeted by two young women clad in revealing garments. When Hoffman identified himself as a deputy sheriff, the women told him they were "just visiting" the sauna. Hoffman then contacted the defendant. He asked to see the sauna's license and warned Clark that the women he had just observed must have licenses if they were employees.

Shortly following his visit, Hoffman received a message to return to the sauna and contact the defendant. Clark told Hoffman that his visit had upset her. After discussing the reasons for his visit Hoffman started to leave and felt something brush against his right side. As he stepped outside he discovered a roll of $20 bills in his right pocket. He returned, confronted the defendant, and asked, "What the hell is this for?" Clark replied, "It's for you coming out on such a hot day." Hoffman placed defendant under arrest.

Clark first assigns error to the trial court's admission of the testimony of the civilian agent paid to engage in sex acts with sauna employees. She maintains that his testimony should have been excluded on policy grounds—that law enforcement officers should not be given a license to commit crime for the purpose of uncovering criminal activity.

The gist of recent decisions is that limited police participation in unlawful activities to ferret out crime is permissible, provided the participation is not so shocking as to violate fundamental fairness. *State v. Smith,* 93 Wn.2d 329, 610 P.2d 869 (1980); *State v. Jessup,* 31 Wn. App. 304, 641 P.2d 1185 (1982); *State v. Putnam,* 31 Wn. App. 156, 639 P.2d 858 (1982). In *State v. Putnam,* police employed a

female civilian agent to infiltrate a business suspected of being a front for prostitution activity. She was authorized to "turn tricks" to gather evidence. The court found, as we do here, that the activity complained of falls within the sphere of acceptable police behavior.

Next, Clark argues that the trial court improperly denied her motion to dismiss the bribery charge. She contends that the State failed to prove an essential element of the crime; namely, that she intended to "secure a particular result in a particular matter". RCW 9A.68.010(1)(a).

In essence, defendant attacks the sufficiency of the evidence. Thus, the inquiry is whether after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). The State argues that the jury reasonably could have inferred from the evidence that Clark slipped money into Deputy Hoffman's pocket to influence his judgment or discretion with regard to his duty to enforce vice laws. It is equally plausible that the jury reasonably could have inferred the money was paid so that the deputy would overlook the unlicensed employees. Accordingly, we find there are one or more inferences from which a rational trier of fact could have found, beyond a reasonable doubt, that Clark intended to "secure a particular result in a particular matter".

We now turn to the trial court's refusal to instruct the jury concerning the crime of granting unlawful compensation. RCW 9A.68.030. Clark maintains that granting unlawful compensation stands in the relationship of a lesser included offense to bribery; therefore, she was entitled to the instruction.

A defendant is entitled to an instruction on a lesser included offense if (1) each of the elements of the lesser offense is a necessary element of the offense charged, and (2) the evidence supports an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). Here, there simply is no evidence supporting an

inference that granting unlawful compensation was committed. RCW 9A.68.030 states in relevant part:

(1) A person is guilty of receiving or granting unlawful compensation if:

. . .

(b) He knowingly offers, pays, or agrees to pay compensation to a public servant for advice or other assistance *in preparing or promoting a bill, contract, claim, or other transaction* regarding which the public servant is likely to have an official discretion to exercise.

(Italics ours.) Following the plain language of the statute, there is no evidence that Clark paid Deputy Hoffman "for advice or other assistance in preparing or promoting a bill, contract, claim, or other transaction."

▪ Clark argues that her payment to Deputy Hoffman fits those activities described by the statute generally as "or other transaction." We agree with the learned trial judge that the doctrine of ejusdem generis restricts the general term "or other transaction" by the specific words preceding it. 2A C. Sands, *Statutory Construction* § 47.17 (1973). Thus, the statute does not proscribe payments made to an officer to influence his enforcement or lack thereof of vice or licensing laws. Accordingly, the trial court properly refused defendant's proposed instruction.

As outlined earlier, Clark was convicted of promoting prostitution in the second degree, RCW 9A.88.080. She assigns error to the trial court's refusal to give a lesser included offense instruction concerning "permitting prostitution," RCW 9A.88.090. We note that Clark received 5-year sentences for both bribery and promoting prostitution—each to run *concurrently*.

▪ We recently stated in *State v. Briceno,* 33 Wn. App. 101, 651 P.2d 1093 (1982) that we would invoke the concurrent sentence doctrine in appropriate cases and elect not to consider an assignment of error. We again acknowledge that the doctrine should be used only after careful consideration of all the facts of a particular case, including, *inter alia,* "the seriousness of the error(s) assigned on appeal, the

weight of the evidence against the defendant, and the actual ramifications of applying the doctrine to defendant's sentence situation." *State v. Briceno,* 33 Wn. App. at 102. After doing so, we are persuaded that this is an appropriate case in which to decline review of defendant's assignment of error. Most importantly, we are satisfied that our decision has no appreciable adverse impact on defendant, either in the eyes of law or the eyes of society. There was substantial evidence that Clark shared in the proceeds from prostitution activity and helped school her employees in sexual techniques. Thus, if we were to accept Clark's argument we would simply reduce her conviction to permitting prostitution, a misdemeanor, and her sentence would again merge in the sentence for bribery.

Next, defendant asserts that she was denied due process and an opportunity to effectively participate in her defense because she has difficulty with the English language. She requests that this court order a hearing to determine whether she had the ability to understand and participate meaningfully in her defense.

We note that (1) Clark is a United States citizen who has resided in this country since 1967; (2) that the arresting officer stated he had no difficulty communicating with Clark, and (3) defendant was permitted to have her daughter, who is fluent in English, sit next to her at counsel table to assist with any language difficulties. Moreover, a court appointed interpreter was present during trial on a standby basis. In short, the record before us suggests that Clark was afforded ample opportunity to effectively participate in her defense. Accordingly, we find no error.

Finally, Clark assigns error to the joinder of the bribery and prostitution–related charges. Defendant made no motion to sever; thus, any error concerning joinder is deemed waived. *See State v. Fagalde,* 85 Wn.2d 730, 539 P.2d 86 (1975).

Judgment affirmed.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied April 27, 1983.

Review denied by Supreme Court May 24, 1983.