[No. 11252-3-II.   Division Two.   June 15, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. VICTORIA L. EDWARDS, *Appellant.*

*Craddock Verser,* for appellant (appointed counsel for appeal).

*John F. Raymond, Prosecuting Attorney,* and *Steven L. Olsen, Deputy,* for respondent.

WORSWICK, J.—Victoria Edwards was employed by the Jefferson County Planning Department. A customer, no relation but also named Edwards, gave her a check to pay for a building permit. He left the payee line blank on Edward's representation that she would fill it in with a Jefferson County Stamp. Instead, she filled in her own name, endorsed the check on the back, and used the money for her own purposes. She now appeals convictions for forgery and misappropriation of public funds. We affirm.

Relying on *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980), Edwards contends that the facts do not support a conviction of forgery because she was authorized to fill in the payee line on the check. We disagree.

The defendant in *Keene* had full authority from his employer to use signed, but otherwise blank, business checks for business purposes. Thus, when he made a check payable to himself, the completion of the check was with his employer's authority, although the use of the money was not. Here, Edwards was only given permission to affix the county's stamp. She was not authorized to complete an otherwise blank check by making a complete check payable

to her, nor was she authorized then to endorse it. Edwards falsely completed the check. RCW 9A.60.010(5), .020.

Edwards contends that the misappropriation conviction, coupled with the forgery conviction, subjects her to double jeopardy. She also contends that the misappropriation statute was impliedly repealed by enactment of later legislation, and that, at most, she could only be charged with theft, which carries a lesser penalty than misappropriation. We need not discuss these contentions.

Edwards received concurrent sentences of 60 days' confinement on each conviction, with 2 years of community supervision. This first–time offender sentence (RCW 9.94A.120(5)) is well within the maximum potential penalty for forgery alone (*see* RCW 9A.20.021(1)(c)), and does not exceed the standard range sentence for forgery as computed for Edwards under the Sentencing Reform Act of 1981, RCW 9.94A. Therefore, this is an appropriate case for application of the concurrent sentence doctrine. *State v. Briceno,* 33 Wn. App. 101, 651 P.2d 1093 (1982); *see also State v. Turner,* 31 Wn. App. 843, 644 P.2d 1224, *review denied,* 97 Wn.2d 1029 (1982).

Finally, Edwards contends that the trial court erred in allowing testimony by a state auditor, and others, showing a shortage in the office cash box, to which Edwards had access, after the date on which Edwards claims to have repaid the purloined funds. The error, if any, was harmless because the result would not have been different without this evidence. *State v. Ellison,* 36 Wn. App. 564, 676 P.2d 531, *review denied,* 101 Wn.2d 1010 (1984).

Edwards admitted all of the facts supporting the forgery charge, but asserted that she intended to repay the money. This was no defense. The intent to injure or defraud (RCW 9A.60.020) was proved when it was shown that Edwards took and used the money for her own purposes. Her intentions for the future were irrelevant. *Cf. State v. LaRue,* 5 Wn. App. 299, 306, 487 P.2d 255, 65 A.L.R.3d 1299 (1971).

Affirmed.

ALEXANDER, A.C.J., and PETRICH, J., concur.