[No. 38621. Department Two. March 9, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD ALLEN, *Appellant.*[*]

*Reported in 424 P.2d 1021.

*Stanley B. Allper*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *David H. Beitz*, for respondent.

WEAVER, J.—Defendant's appeal presents three questions. They spring from his trial and his jury conviction of the crime of taking indecent liberties on the person of a 6-year-old female child.

Defendant urges that the trial court erred when it admitted into evidence the testimony of the 6-year-old prosecuting witness and when it refused to strike her testimony.

RCW 5.60.050 provides in part:

> Who are incompetent. The following persons shall not be competent to testify:
>
> . . . .
>
> (2) Children under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

One legal commentator[1] states that

> the child must not only be able to relate facts truly (which refers to the time of trial), but must have been capable of receiving just impressions of the facts (which obviously refers to the time of the event).

---

[1] Stafford, "The Child as a Witness," 37 Wash. L. Rev. 303, 306 (1962). This article contains a detailed analysis of the Washington decisions.

■ The girl was not disqualified as a witness as a matter of law by reason of her youth. *State v. Ridley,* 61 Wn.2d 457, 378 P.2d 700 (1963). Intelligence, not age, is the proper criterion to be used in determining the competency of a witness of tender years. *State v. Smith,* 3 Wn.2d 543, 101 P.2d 298 (1940).

■ The true test of the competency of a young child as a witness consists of the following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

■ The determination of the witness's ability to meet the requirements of this test and the allowance or disallowance of leading questions (*State v. Davis,* 20 Wn.2d 443, 446, 147 P.2d 940 (1944)), rest primarily with the trial judge who sees the witness, notices his manner, and considers his capacity and intelligence. These are matters that are not reflected in the written record for appellate review. Their determination lies within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of proof of a manifest abuse of discretion. *State v. Ridley,* 61 Wn.2d 457, 378 P.2d 700 (1963), and authorities cited.

The record does not disclose that the experienced trial judge abused his discretion when he admitted into evidence the testimony of the prosecuting witness.

Defendant contends that the *admissible* evidence does not support the verdict. We do not agree.

His argument is based primarily upon the alleged inadmissability of the testimony of the prosecuting witness, an issue we have already resolved. In addition, however, there is the testimony of the 13-year-old sister (whose competence to testify is not challenged), who testified that she saw defendant commit the act with which he is charged.

Defendant's only answer (other than a denial) is that it would have been physically impossible for the sister to see into the house from where she was standing. This presented a jury question. Further, two witnesses testified that they heard the sister yell, "Leave my sister alone . . . you leave my sister alone. I'm going to tell my mother."

There is ample evidence, which if believed, supports the verdict of the jury.

Defendant took the stand in his own defense. On cross-examination he denied that he had been convicted of contributing to the delinquency of a minor on November 14, 1950.

In rebuttal, the custodian of the court records for the Seattle District Justice Court testified from official records that on November 14, 1950 defendant had been charged with indecent liberties; the charge had been reduced to contributing to the delinquency of a minor; and defendant had been sentenced to 6 months in the King County jail.

 We do not agree that the court erred when it admitted this testimony. First, it was admissible "for the purpose of affecting the weight of his testimony." RCW 10.52.030. Second, no objection was made to the introduction of testimony of the custodian of the court records.

The judgment is affirmed.

FINLEY, C.J., DONWORTH and ROSELLINI, JJ., and LANGENBACH, J. Pro Tem., concur.

May 3, 1967. Petition for rehearing denied.