[No. 536-1.    Division One—Panel 1.    February 1, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD ELMO SIMS, *Appellant.*

*Robert S. Egger,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Terrence A. Carroll, Deputy,* for respondent.

UTTER, J.—Appellant, Donald Elmo Sims, was convicted of taking indecent liberties with a 7-year-old girl in the presence of her 5-year-old companion. His appeal presents two issues: (1) whether the two children were competent to testify; and (2) whether testimony concerning collateral acts occurring 11 days after the incident were admissible.

Sims urges the children should not have been allowed to testify because, during the preliminary examination to determine their competency, neither child could verbalize an understanding of the concept of truth. He further contends the 7-year-old victim's testimony demonstrated she did not have a sufficient memory to retain an independent recollection of the occurrence.

The rules governing the competence of children as witnesses are:

(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory

of the occurrence; and (5) the capacity to understand simple questions about it.

*State v. Allen,* 70 Wn.2d 690, 692, 424 P.2d 1021 (1967).

■ While being questioned by Sims' counsel during the preliminary inquiry into the children's competency, the 7-year-old victim stated she would be spanked if she did not tell the truth. The 5-year-old companion gave an example of a lie and stated if she told a lie, she would get into trouble. A child's inability to express an understanding of the meaning of truth does not affect his competency as long as he possesses a sufficient understanding of truth to insure his testimony is not the result of fabrication or imagination. *State v. Collier,* 23 Wn.2d 678, 162 P.2d 267 (1945). The record in this case reveals both children expressed an understanding of the duty to speak the truth, although neither could give a precise definition of the term.

■ The trial court, after the preliminary examination of the 7-year-old, found she had a sufficient memory to retain an independent recollection of the occurrence. Whether a child meets the Allen test of competency is left to the sound discretion of the trial court, which had the opportunity to hear the child's testimony and observe his demeanor. Absent a manifest abuse of this discretion, which we do not find, the trial court's determination must stand.

Sims next assigns error to the admission of testimony regarding two incidents which occurred 11 days after the alleged crime. The first incident involved a 12-year-old girl who testified the appellant attracted her attention to his camper by honking his horn. When she approached the camper to see what he wanted, he asked her for a date and offered to spend money on her. The second incident involved two girls, ages 11 and 12, who testified that Sims motioned them over to his camper and made an offer of fun and ice cream. Sims contends this testimony was inadmissible because its prejudicial effect outweighed its relevance and materiality.

■ An accused must be tried for the crime charged in

the information and admission of evidence of unrelated criminal conduct is grossly and erroneously prejudicial. *State v. Brown*, 31 Wn.2d 475, 197 P.2d 590, 202 P.2d 461 (1948). However, our court has frequently held such collateral criminal conduct to be admissible when it tends to establish (1) motive, (2) intent, (3) the absence of accident or mistake, (4) a common scheme or plan, or (5) identity. *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950). These five exceptions to the general rule of exclusion are only indicators of relevance. The true test of admissibility is whether the proposed evidence of the other offenses is necessary to prove an essential element of the crime charged. *State v. Mott*, 74 Wn.2d 804, 447 P.2d 85 (1968); *State v. Ranicke*, 3 Wn. App. 892, 479 P.2d 135 (1970); *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730 (1970).

We believe the testimony relating to the above two incidents is admissible for alternative reasons. If the incidents are regarded as attempts to take indecent liberties with the young witnesses, they are relevant, as they establish his identity by showing he operated a camper from which he attempted on several occasions to solicit the companionship of young female children. On the other hand, if the incidents are not regarded as criminal conduct, their prejudicial nature is lessened and they may be admitted not only to prove the identity of the appellant, but also to establish his *modus operandi* and to corroborate the testimony of the victim and her companion. *State v. Scherer*, 77 Wn.2d 345, 462 P.2d 549 (1969); *State v. Whalon, supra.*

The judgment of the trial court is affirmed.

Horowitz, C. J., and Williams, J., concur.

Petition for rehearing denied Feburary 25, 1971.

Review denied by Supreme Court May 6, 1971.