[No. 4875–2–II.   Division Two.   May 20, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD WOODWARD, *Appellant.*

*Ronald E. Thompson,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Michael Johnson, Deputy,* for respondent.

PETRICH, A.C.J.—Defendant, Richard Woodward, appeals his conviction of first degree statutory rape. His assignments of error raise four issues: (1) Whether statements made by the victim were properly admitted as excited utterances under ER 803(a)(2); (2) whether the victim was competent to testify; (3) whether evidence of another possible cause of injury was properly excluded; and (4) whether a mistrial should have been declared because of newspaper publicity during the trial. We affirm.

The defendant lived across the street from the 5½–year–old girl victim. The testimony indicated the incident

occurred at defendant's house on September 9, either in the late morning or early evening. The child had visited him there once or twice on September 9. Over defendant's objection the child's mother was allowed to testify that at approximately 3 p.m. on September 10, she noticed her daughter sitting in her living room, crying. When she asked what was wrong, the daughter said she could not tell because the defendant would kill her. Following more questions from her mother the child described defendant as having sexual intercourse with her. The mother immediately examined the child's pubic area and observed redness and spotting on her underwear, red in color. The mother also testified that when defendant entered her house a short time later, her daughter hit defendant and said: "I told my mom what you did to me last night." Over defendant's objection the child was permitted to testify, the court having determined in a pretrial hearing that she was competent.

■■ The trial court found, and we agree, that the mother's testimony was admissible on the grounds the statements were spontaneous utterances not prompted by any extraneous influences. An excited utterance is a recognized exception to the hearsay rule. ER 803(a)(2). The declaration must be a natural declaration of fact relating to the event. The statement must be made by one who participated in or witnessed the event, and must be spontaneous and made while under the influence of the event. *Beck v. Dye,* 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939). In *Johnston v. Ohls,* 76 Wn.2d 398, 457 P.2d 194 (1969) the court stressed that:

> The crucial question in all cases is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment.

*Johnston v. Ohls,* 76 Wn.2d at 406.

We are concerned here with the spontaneity requirement. The record indicates the events occurred at least 20 hours

before the child's statements to her mother. She did not complain to her mother on September 9, although she did complain of pain to her babysitter on the evening of September 9. This 20 hours was a substantial lapse of time, and the child did engage in different activities between the event and disclosure to her mother, including attendance at the fair; however, these factors alone did not take the statements out of the hearsay exception.

Considering the child's tender age, her physical condition, and the fact she was laboring under a threat of further violence, we think the possibility that this 5½–year–old fabricated the related facts was remote. The record contains no indications of intervening influences which demonstrate the unreliability of the child's statements. The trial court did not abuse its discretion in admitting the mother's testimony. *See generally State v. Bouchard,* 31 Wn. App. 381, 639 P.2d 761 (1982); *State v. Canida,* 4 Wn. App. 275, 480 P.2d 800 (1971).

■ Defendant challenges the court's ruling on the child's competency to testify. She was 6 years old at the time of trial. To support a finding of competency the trial court must be satisfied the child witness possesses the following:

> (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*State v. Allen,* 70 Wn.2d 690, 692, 424 P.2d 1021 (1967), *see also* CrR 6.12(c).

The trial judge carefully examined the child and received intelligent answers from her. She indicated to the court she would be spanked if she lied, and could identify a lie. Although the testimony of the child at trial was not entirely consistent on certain details, she was unwavering in her

testimony that defendant had intercourse with her. Nothing in the record suggests the trial court abused its discretion in ruling the child was competent. *See State v. Sims,* 4 Wn. App. 188, 480 P.2d 228, *review denied,* 79 Wn.2d 1002 (1971); *State v. Johnson,* 28 Wn. App. 459, 624 P.2d 213 (1981), *aff'd,* 96 Wn.2d 926, 639 P.2d 1332 (1982). Any inconsistencies in her testimony went to her credibility and not to admissibility.

Defendant next assigns error to the trial court's exclusion of evidence offered to show an alternative cause of the child's redness. The proposed evidence was testimony from defendant and another observer who would testify that approximately 2 weeks before the incident they saw the child playing with a dog, which was molesting her. They observed the dog "licking . . . and riding" the child. The trial court excluded the evidence because it invited the jury to speculate and was irrelevant.

■ In *State v. Demos,* 94 Wn.2d 733, 619 P.2d 968 (1980), the court described relevant evidence:

> All facts which support a reasonable inference on a contested matter and any circumstance whereby an alleged fact may be proved or disproved are relevant. Any circumstance is relevant which reasonably tends to establish the theory of a party or to qualify or disprove the testimony of his adversary.

*State v. Demos, supra* at 736, quoting from *Ladley v. St. Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 442 P.2d 983 (1968). Whether evidence is relevant is a determination which lies within the discretion of the trial court. Defendant could not show that prior physical contact with the dog caused redness or that the child complained of redness following these contacts. He could not show that the dog had any contact with the child less than 2 weeks before the complaint was lodged. Although evidence tending to establish that defendant did not cause the redness may be relevant, we do not think the trial court abused its discretion in

finding this piece of evidence irrelevant where it amounted to nothing more than conjecture. *See, e.g., Haugen v. Minnesota Mining & Mfg. Co.,* 15 Wn. App. 379, 550 P.2d 71 (1976).

Defendant's final assignment of error is to the trial court's denial of his motion for mistrial necessitated by newspaper publicity during the trial.

The court recessed overnight with only closing arguments and instructions remaining for the next day. That evening, the Tacoma News Tribune published a short article concerning the trial. It summarized the mother's testimony and in the last paragraph referred to the competency hearing held outside the presence of the jury, in which the trial court ruled the child witness could provide truthful testimony. It was the reference to the competency hearing which defendant argued was prejudicial. The defendant on appeal contends the article was prejudicial in and of itself and that the trial court should have on its own motion polled each juror individually, notwithstanding an absence of defendant's request, in view of the court's earlier statement that if any juror read the article he would grant the motion for mistrial. We do not agree.

■ In *State v. Trickel,* 16 Wn. App. 18, 553 P.2d 139 (1976), *review denied,* 88 Wn.2d 1004 (1977), we described the court's duty with regard to assuring a fair trial:

> Most certainly, a trial court has the affirmative duty to take positive action to ascertain the existence of improper influences on the jurors' deliberative qualifications, whether of private talk or public print, and to take whatever steps are necessary to diminish or eradicate such potential improprieties which may arise during trial and of which the trial court has or ought to have some knowledge. *Silverthorne v. United States, supra* [400 F.2d 627 (9th Cir. 1968)]; and *see generally* American Bar Association Project on Standards for Criminal Justice, *Standards Relating to Fair Trial and Free Press* § 3.5 (Approved Draft, 1968).

In partial fulfillment of its responsibility to maintain the purity of the jurors' deliberative qualifications, the

trial court customarily admonishes the jurors not to expose themselves to media reports of the trial. There is a general presumption that jurors carry out their duties honestly and in accordance with the instructions given them by the trial judge. . . .

. . .

The proper precautions to be taken by a trial court are inevitably dictated by the circumstances of each case; they must be designed to reasonably insure that no actual prejudice will occur.

(Footnote omitted.) *State v. Trickel,* 16 Wn. App. at 27–29. In the instant case, the record does not disclose what specific admonishments were given the jury, although the court recessed over two evenings, each time reminding the jury of its previous admonishments. The judge, when confronted with the possibility of jury exposure to the newspaper story, asked the jury as a whole whether they had read an account of the trial in the Tacoma News Tribune. One juror indicated he had, then without prompting stated he read the first two lines, then quit. The judge asked the jury a second time and received no response. The first two lines read:

Testimony began yesterday in the superior court trial of an Eastside man who is accused of the statutory rape of a 5–year–old girl.
On trial before Superior Court Judge Thomas Sauriol is Richard Dale Woodward, 34, of 1013 East 53rd Street.

We find nothing in the record to indicate the jurors were exposed to that portion of the article which was the basis for defendant's motion, or that defendant requested the jurors be polled individually. It is within the trial judge's discretion to grant or deny a mistrial. *State v. Clay,* 7 Wn. App. 631, 501 P.2d 603 (1972), *review denied,* 82 Wn.2d 1001 (1973). We think the trial court took sufficient steps to reasonably assure defendant received a fair trial and that it did not abuse its discretion in denying a mistrial.

Affirm.

PETRIE, J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied June 17, 1982.

Review denied by Supreme Court September 24, 1982.