[No. 5849-2-III.   Division Three.   December 20, 1984.]

The State of Washington, *Respondent*, v. Fred Elbert Hunsaker, *Appellant*.

*Fred Elbert Hunsaker,* pro se, and *Melvin H. Champagne,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Patricia Thompson, Deputy,* for respondent.

GREEN, A.C.J.—Defendant, Fred Hunsaker, was charged with and convicted on two counts of indecent liberties involving two female children. His appeal essentially presents the issue of whether the children were competent to testify. We find they were competent and affirm the convictions.

Between January 1982 and April 1982, the defendant's wife operated a day care center in the family home at Cheney, Washington. Both children were cared for during this period. The children, J.S. and B.W., were 4½ years old and 2½ years old, respectively, at the time of the incidents. Trial in these matters did not occur until J.S. was 5½ and B.W. was 3½.

At trial, the parents of both children testified as to the dates and times when their children were in the Hunsaker household. In addition, the parents testified to nightmares, unexplained vomiting, and rashes observed in the pubic area, all corroborative of the testimony of the two girls as to what had occurred. The defendant's son, whose competence was never challenged, also testified that he had pulled his father off the top of one of the victims at the Hunsaker house.

During her testimony before the jury, J.S. used anatomically correct dolls. With these dolls, she illustrated her testimony that the defendant touched her on the vagina with "his peter."

The defendant testified on his own behalf and denied any sexual contact with either victim. The jury convicted him on both counts of indecent liberties.

Mr. Hunsaker contends the children were too young to

testify, were not competent to testify, and that the judge should have stricken their testimony. Before allowing the jury to hear their testimony, the trial court followed the approved and accepted practice of conducting a competency hearing for each child out of the presence of the jury.

■ It is clear that a child is not disqualified as a witness as a matter of law[1] by reason of youth; rather, intelligence is the proper standard used to determine the competency of a child witness. *State v. Allen*, 70 Wn.2d 690, 424 P.2d 1021 (1967); ER 601; CrR 6.12.

In *State v. Allen, supra* at 692, the court said:

The true test of the competency of a young child as a witness consists of the following: (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

The determination of the witness's ability to meet the requirements of this test and the allowance or disallowance of leading questions (*State v. Davis*, 20 Wn.2d 443, 446, 147 P.2d 940 (1944)), rest primarily with the trial judge who sees the witness, notices his manner, and considers his capacity and intelligence. These are matters that are not reflected in the written record for appellate review. Their determination lies within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of proof of a manifest abuse of discretion.

---

[1] In our research of recent reported decisions in this jurisdiction, the youngest competent witness appears to be 4½. *State v. Tuffree*, 35 Wn. App. 243, 666 P.2d 912 (1983). Although the United States Supreme Court said in *Wheeler v. United States*, 159 U.S. 523, 524, 40 L. Ed. 244, 16 S. Ct. 93 (1895), that "no one would think of calling as a witness an infant only two or three years old," that quote is only dictum and must surely be questioned today in light of the age of that decision. In 1895, public education for all ages was the exception rather than the rule. The younger witness in the instant appeal, B.W., attended preschool and the benefits of early contact with the school system is exhibited by her testimony as set out in footnote 2.

*State v. Ridley,* 61 Wn.2d 457, 378 P.2d 700 (1963), and authorities cited.

The record reflects both counsel and the court examined the children at the competency hearing. A close examination of the testimony reveals two children intelligent beyond their tender years.[2] A careful reading of the record does not indicate the trial court abused its discretion in determining the children were competent or in admitting into evidence their testimony. *State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982); *State v. Woodward,* 32 Wn. App. 204, 646 P.2d 135 (1982).

We have examined the issues raised by Mr. Hunsaker in his pro se brief and find them to be essentially the same as argued by his appellate counsel, albeit in somewhat different form. For the reasons set out above, his contentions are without merit.

---

[2]B.W., 3½, testified in pertinent part at the competency hearing:

Q How old are you, [B]?
A Three and a half.
Q Three and a half? When is your birthday?
A June 19, 1979.
. . .
Q What is your address?
A 5722 Fickett Lane.
. . .
Q Do you go to school at all?
A Yeah.
Q What type of school is it, or do you know?
A Preschool.
Q What are you learning in preschool?
A Songs.
Q Can you sing us a song here?
A Yeah.
Q Would you?
A (Singing) "Three little monkeys jumping on a bed, one fell off and bumped his head, Mama called the doctor and the doctor said no more monkeys jumping on the bed."

When B.W. was brought back into court in the presence of the jury, she again gave her correct name, address, age, birthdate, and, in addition, sang the same song and recited the ABC's with four mistakes.

The convictions are affirmed.

McINTURFF and THOMPSON, JJ., concur.