[No. 6916–8–III.   Division Three.   March 4, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD ELSTON FISHER, *Appellant*.

*Irene Cleavenger,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

MUNSON, J.—Richard Elston Fisher appeals his convictions on two counts of indecent liberties, claiming the trial court erred: (1) in admitting evidence of the victim's hearsay statements about his alleged sexual contacts with the boy; and (2) in imposing exceptional sentences outside the standard range. We affirm in part and reverse in part.

Mr. Fisher was charged by amended information with two counts of indecent liberties, RCW 9A.44.100(1)(b). The charges arose from two incidents in which Mr. Fisher allegedly manipulated the penis of a 5–year–old boy "to make it hard". Both incidents occurred in July 1984, while the victim and his sister were swimming at the Riviera Trailer Village in Pasco. With respect to the first incident, Mr. Fisher had accompanied the boy to the restroom; on the second occasion, he and the victim showered together after they finished swimming. The child became acquainted with Mr. Fisher at the pool; he and other children swam and played with Mr. Fisher.

At trial, the boy's mother testified without objection concerning the statements her son made to her about the sexual contacts with Mr. Fisher. She had waited for her son outside the men's shower room and became concerned when he did not come out after 10 or 15 minutes; she got no response when knocking. When the boy finally did come out, his swim trunks were askew; Mr. Fisher seemed "very . . . nervous or fidgety" and "left very quickly after [she] fixed [her son's] shorts".

Sometime in September 1984, the boy told his mother of another incident which occurred a few days before the shower incident in which Mr. Fisher accompanied him to

the restroom and stroked his penis back and forth after he finished urinating. The boy was not questioned in detail about this earlier incident until sometime around Thanksgiving. The victim indicated he had not mentioned it before because he did not know it was wrong at the time, and had since forgotten it.

In a bench trial, the court determined the victim was competent to testify. The boy related the circumstances surrounding the two sexual contacts, and also stated he had wanted Mr. Fisher to accompany him to the men's room on both occasions "[b]ecause [his] dad wasn't there".

Following the boy's testimony, the court allowed the prosecution to present in evidence a portion of a transcript of the boy's interview with police the day after the shower incident. Both attorneys had been given the opportunity to review the transcript and determine which portions of it should be excised. When the edited transcript was offered, defense counsel stated she had no objection to its admission. A police officer who later interviewed the victim, after the taped interview, also testified to the boy's statements concerning the two sexual contacts with Mr. Fisher. The defense raised no objection to the officer's testimony.

The court found Mr. Fisher guilty on both counts of indecent liberties. The prosecution sought exceptional sentences, outside the standard range. Defense counsel opposed the motion claiming there were no aggravating circumstances to justify an exceptional sentence because: (1) the indecent liberties statute already takes into account the age of the victim; (2) the sentencing reform act similarly takes into account other current offenses so that multiple offenses involving the same victim should not be considered; and (3) there was no showing Mr. Fisher put himself in any position of trust with the victim in order to facilitate the sexual contacts.

The court subsequently imposed sentence at 24 months' imprisonment on each count to run concurrently. The standard range is 15 to 20 months when other current offenses are taken into account. The court found no miti-

gating circumstances and cited the following aggravating circumstances as justifying the exceptional sentences:

(a) The defendant knew that the victim was particularly vulnerable or incapable of resisting due to extreme youth;

(b) The defendant committed multiple incidents/acts with the same victim;

(c) The defendant placed himself in a position of trust and confidence with the victim in order to facilitate the commission of the crimes;

(d) The multiple offense policy of the Sentencing Reform Act results in a presumptive sentence which is too lenient;

In its oral decision, the court also stated it did not believe the maximum time allowed under the standard range was adequate punishment, especially if Mr. Fisher received credit for good behavior. This appeal followed.

Initially, Mr. Fisher contends the trial court erred in admitting evidence of the victim's hearsay statements describing the alleged sexual contacts. In particular, he argues RCW 9A.44.120 is unconstitutional because it violates an accused's constitutional right of confrontation and the doctrine of "separation of powers". He further asserts the court abused its discretion in determining the victim was competent to testify for purposes of that statute.

No objection was raised when the victim's mother and the police officer testified to the child's out-of-court statements concerning the sexual contacts; nor is there any clear indication the defense challenged the competency of the boy to testify at trial. Nevertheless, the determination the child was competent to testify is clearly supported by the record; the court did not abuse its discretion. *State v. Hunsaker*, 39 Wn. App. 489, 693 P.2d 724 (1984); *see also* RCW 5.60.050(2).

Although the transcript of the taped interview of the victim by police was initially challenged, defense counsel subsequently stated she had no objection to its admission as

edited after the competency of the child was determined. Thus, to the extent no manifest constitutional right is involved, the issue of the admissibility of the victim's hearsay statements has not been preserved for appeal. RAP 2.5(a). With respect to appellant's constitutional challenges to RCW 9A.44.120, *State v. Ryan,* 103 Wn.2d 165, 691 P.2d 197 (1984) and *State v. Slider,* 38 Wn. App. 689, 688 P.2d 538 (1984), *review denied,* 103 Wn.2d 1013 (1985), both decided subsequent to this trial, resolved these issues against Mr. Fisher's contentions.

Mr. Fisher next challenges the imposition of exceptional sentences outside the standard range, raising the same arguments he made during sentencing. When an exceptional sentence is appealed, this court can reverse only if it finds under RCW 9.94A.210(4):

> (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

The boy was age 5; it can be readily inferred he was particularly vulnerable or incapable of resistance due to his tender age; multiple offenses were perpetrated on the same victim. Mr. Fisher placed himself in a position of trust in undertaking to assist the child as a parental figure, and utilized this relationship to facilitate the sexual contacts with the boy. Thus, the record supports the reasons given by the court.

The next inquiry is whether those reasons support the exceptional sentences imposed by the court. RCW 9.94A-.390(2), (3)(a) and (d) set forth certain aggravating circumstances which the court may consider in departing from the standard range guidelines. The factors listed "are illustrative only and are not intended to be exclusive reasons for exceptional sentences". RCW 9.94A.390. Thus, the court is provided some discretion in determining what factors may

justify departure from the standard range. *See State v. Baker,* 40 Wn. App. 845, 847–48, 700 P.2d 1198 (1985).

Nevertheless, an exceptional sentence is not warranted when it is based upon factors already taken into account by the Legislature in adopting the standard range guidelines. *State v. Wood,* 42 Wn. App. 78, 80, 709 P.2d 1209 (1985); *State v. Hartley,* 41 Wn. App. 669, 671, 705 P.2d 821 (1985). In this regard, multiple offenses against the same victim within a short period of time might be a questionable basis, in itself, for imposing an exceptional sentence; other current offenses are already considered in terms of the standard range.

Further, a sentence based solely upon the age of the victim could possibly run afoul of the purpose behind the Sentencing Reform Act of 1981, RCW 9.94A, since the age of the victim is an element of indecent liberties when the offense is committed under RCW 9A.44.100(1)(b). *But see Wood,* at 81 (the particular vulnerability of the victim due to extreme youth may be considered when deciding to impose an exceptional sentence).

Here, the trust relationship seemed relatively minor, in that assisting the boy in the bathroom or shower on those occasions are minimal accommodations. Not that the mother could anticipate what occurred, but in the context of trust and confidence, we believe something more involved was contemplated.

While the State argues the sentencing philosophy of RCW 9.94A.400, consecutive/concurrent sentences, is too lenient, the legislative wisdom behind that enactment is not the proper subject for judicial review. *State v. Ammons,* 105 Wn.2d 175, 713 P.2d 719 (1986). Here, the trial court felt the 20–month sentence at the top of the range was too lenient, but saw fit only to add an additional 4 months to the sentence. Given the facts of this case, we find the reasons given for the additional 4 months do not justify departure from the standard range; therefore, the exceptional sentences were not justified.

The convictions are affirmed; the exceptional sentences

are reversed; the case is remanded for sentencing within the standard range.

GREEN, C.J., and THOMPSON, J., concur.

Review granted by Supreme Court May 6, 1986.