[No. 18493-8-I. Division One. July 29, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT PRZYBYLSKI, *Appellant*.

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Monica Benton, Deputy,* for respondent.

WILLIAMS, J.*—Robert Przybylski appeals his conviction for first degree statutory rape, arguing the court erred in finding the child victim competent to testify and in admitting her statements under the child hearsay rule, without first determining whether the child could perceive or truthfully relate the facts of the case. Przybylski also argues the State violated his right to equal protection by charging him with statutory rape rather than incest. We affirm.

FACTS

Przybylski was charged with the rape of his 5–year–old

---

*Justice William H. Williams is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

daughter, M. Following a pretrial hearing, the court ruled M. competent to testify and found that, under the child hearsay rule, M.'s mother could testify regarding statements M. made to her about the incident. After selection of the jury, but before taking testimony in the case, the court allowed the State to amend its information and granted a defense motion for a continuance. Przybylski was later granted a mistrial.

The case came to trial again on January 29, 1986, before a different trial judge, who determined he would not reconsider the child hearsay question because the court's prior finding of admissibility had become the law of the case. (Przybylski does not challenge this ruling on appeal.) The court did, however, conduct a hearing to determine M.'s competency to testify.

M. was examined by the trial judge as well as by counsel for the State and the defense. The court denied the defense permission, however, to question M. concerning the issues in the case or to call witnesses regarding M.'s ability to recall the facts of the case. The court found M. competent, and she testified at trial, as did her mother regarding statements M. made to her about the sexual abuse.

Przybylski was convicted as charged, and this appeal timely followed.

### COMPETENCY OF THE CHILD WITNESS

Przybylski contends that before ruling a child witness competent to testify, the court must find the witness capable of perceiving and able to relate the facts of the incident charged. Przybylski argues, therefore, that the trial court erred in admitting M.'s testimony and erred in admitting her hearsay statements under the child hearsay rule.[1] We disagree, holding that the evidence offered by the defense

---

[1]RCW 9A.44.120 provides in pertinent part that:

"A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in . . . criminal proceedings . . . if:

pertained to impeachment, not competency, and the record reflects M.'s competency when compared to objective facts known to the trial court.

 As an initial matter, we reject Przybylski's contention that competency to testify is a prerequisite to the admission of any statements by that witness under the child hearsay rule. Competency to testify is not a prerequisite, but rather, may be a factor in determining the reliability and hence the admissibility of a child hearsay statement. *State v. John Doe*, 105 Wn.2d 889, 896, 719 P.2d 554 (1986). Thus, even had the trial court found M. incompetent to testify, her hearsay statements would not necessarily have been inadmissible.

"[C]hildren who do not have the capacity of receiving just impressions of facts about which they are examined or who do not have the capacity of relating them truly" are incompetent to testify. CrR 6.12(c)(2). The test for the competence of a young child as a witness is:

> (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which [she] is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words [her] memory of the occurrence; and (5) the capacity to understand simple questions about it.

*State v. Allen*, 70 Wn.2d 690, 692, 424 P.2d 1021 (1967).

 The determination of the witness's ability to meet the requirements of this test rests primarily with the trial court, whose decision will not be disturbed on appeal absent manifest abuse of discretion. *State v. Allen, supra.* It has been noted that:

---

"(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

"(2) The child either:

"(a) Testifies at the proceedings; or

"(b) Is unavailable as a witness . . ."

A trial court must necessarily be clothed with wide discretion in these matters. The competency of a youthful witness is not easily reflected in a written record.

*State v. Sardinia,* 42 Wn. App. 533, 537, 713 P.2d 122 (1986). Inconsistencies in the child witness's testimony bear on credibility, not admissibility. *State v. Woodward,* 32 Wn. App. 204, 208, 646 P.2d 135 (1982).

In upholding the finding of competency in *Woodward,* the court found it sufficient that the child had indicated to the court she could identify a lie and knew she would be punished if she lied. Although the child's testimony was not entirely consistent on certain details, the court found that "[a]ny inconsistencies in her testimony went to her credibility and not to admissibility." *Woodward,* at 208.

The court found in *Sardinia* that parts (3) and (4) of the *Allen* test set out above were satisfied by the child's testimony that she knew who her schoolteachers were and what her performance had been in school, from which "the trial judge was justified in inferring that she had sufficient memory to permit her to retain an independent recollection of the occurrences leading to the events described in this case." *Sardinia,* at 537.

No case cited to this court nor any case revealed by our research indicates that the trial court must necessarily examine a child witness regarding the particular issues and facts of the case to determine competency. In fact, we are persuaded that a witness's memory and perception might be better tested against objective facts known to the court, rather than disputed facts and events in the case itself. So long as the witness demonstrates by her answers to the court an ability to receive just impressions of and accurately relate events which occurred at least contemporaneously with the incidents at issue, the court may infer that the witness is likewise competent to testify regarding those incidents as well. At trial, the defendant is then free to impeach the child witness's credibility, like any other witness, by pointing out inaccuracies and inconsistencies in her testimony. As the court noted in *Woodward,* such evidence

would bear upon the weight to be given to the child witness's testimony, not its admissibility. 32 Wn. App. at 208.

In the case at bar, the State reviews in some detail in its brief M.'s testimony at the competency hearing. Suffice it to say that M. indicated to the court that she could identify a lie and knew she would be punished for lying, thus demonstrating an appreciation of the need to tell the truth on the witness stand. She also demonstrated an ability to recall and recount past events and to intelligently respond to questions. Based upon M.'s testimony, the trial court was justified in inferring that she had sufficient memory to retain an independent recollection of the events described in the case. The trial court did not abuse its discretion in finding M. competent to testify. We note, moreover, that Przybylski has failed to show how M.'s alleged incompetency manifested itself at trial or prejudiced him in any way.

### EQUAL PROTECTION

Finally, Przybylski argues that the State violated his right to equal protection by charging him with statutory rape rather than incest. Again, we disagree.

Although "[e]qual protection is violated when a prosecutor is permitted to seek varying degrees of punishment when proving identical criminal elements", *State v. Farrington*, 35 Wn. App. 799, 801, 669 P.2d 1275 (1983), *review denied*, 100 Wn.2d 1036 (1984), no constitutional defect exists when the crimes which the prosecutor has discretion to charge have different elements. *State v. Wanrow*, 91 Wn.2d 301, 312, 588 P.2d 1320 (1978). This is true even though the events giving rise to the prosecution of the defendant may support charges for various crimes carrying various punishments. *State v. Wanrow, supra. See also State v. Richards*, 27 Wn. App. 703, 707, 621 P.2d 165 (1980), *review denied*, 95 Wn.2d 1008 (1981).

The precise arguments raised by Przybylski with regard to the statutory rape and incest statutes have been rejected by this court in three recent cases, *State v. Brune*, 45 Wn.

App. 354, 725 P.2d 454 (1986), *State v. Hodgson,* 44 Wn. App. 592, 722 P.2d 1336 (1986), and *State v. Datin,* 45 Wn. App. 844, 729 P.2d 61 (1986). As those cases correctly point out, the two statutes are not concurrent, and thus, the prosecutor does not have unfettered charging discretion.

Therefore, Przybylski's equal protection right was not violated, regardless of the fact that his conduct made him subject to prosecution under either criminal statute.

Accordingly, the judgment of the trial court is affirmed.

RINGOLD, A.C.J., and PEKELIS, J., concur.