114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert PLISCHKE, Jr., Petitioner-Appellant,
v.
Belinda STEWART, Superintendent of McNeil Island
Correctional Center; Chase Riveland, Director of
Department of Corrections Respondents-Appellees.
 No. 96-35664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1997.
Decided May 28, 1997.
 
 Before: WRIGHT, REINHARDT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Robert Plischke, Jr. appeals the district court's denial of a petition for a writ of habeas corpus. We affirm.
 
 I.
 
 3
 Plischke was charged with two counts of child molestation in the first degree for getting into bed with and sexually fondling a ten-year old girl, A.J., and four-year old girl, R.G. He was convicted of one--the molestation of R.G.
 
 
 4
 Plischke asserts several errors on appeal. First, he alleges that the state trial court erred in admitting the hearsay statements of R.G. which were made to a police officer nineteen days after the incident occurred. Plischke asks the court to hold that these statements were admitted in violation of the Confrontation Clause as outlined in Idaho v. Wright, 497 U.S. 805 (1990). Although the statements may not have the exact degree of reliability as the statements in Swan v. Peterson, 6 F.3d 1373 (9th Cir.1993), cert. denied, 115 S.Ct. 474 (1994), any error in their admission was harmless. See Brecht v. Abramson, 113 S.Ct. 1710, 1714 (1993) (petitioner for writ of habeas corpus must show that the error resulted had "substantial and injurious effect in determining the jury's verdict") (citation omitted).
 
 II.
 
 5
 Plischke's contention that the district court erred in rejecting his argument that the Washington Child Hearsay Statute, RCW 9A.44.120, was facially unconstitutional must fail. The statute requires the same degree of reliability as is required by Idaho v. Wright.
 
 III.
 
 6
 Plischke also contends that he was denied his right to a fair trial because R.G.'s competence to testify was not properly assessed prior to her taking the stand. The trial court adequately assessed her credibility as required by State v. Allen, 424 P.2d 1021 (Wash.1967). It was not error to admit the statements.
 
 IV.
 
 7
 Finally, Plischke alleges that his counsel was ineffective for failing to move to strike R.G.'s testimony, request a limiting instruction and move for a mistrial after her testimony. Because he cannot show either that his counsel's performance fell below an objective standard of reasonableness or a reasonable probability that but for the errors, the outcome would have been different, this claim must also fail. See Strickland v. Washington, 104 S.Ct. 2052, 2064, 2068 (1984).
 
 V.
 
 8
 Therefore, we affirm the ruling of the district court denying Plischke's petition for a writ of habeas corpus.
 
 
 9
 AFFIRMED.
 
 
 10
 REINHARDT, Circuit Judge, dissenting.
 
 
 11
 I dissent. The hearsay statements of the five-year old girl clearly did not possess the degree of reliability required by Idaho v. Wright, 497 U.S. 805 (1990) and Swan v. Peterson, 6 F.3d 1373 (9th Cir.1993), cert. denied, 513 U.S. 985 (1984). Wright compels the conclusion that the statements were admitted in violation of the Confrontation Clause and that they did not possess the necessary degree of reliability.
 
 
 12
 The original statements made shortly after the incident were neither spontaneous nor volunteered. Swan, 6 F.3d at 1381. Instead, the child responded to her mother's suggestive question by adopting the suggestion and stating it in the form of an affirmative answer. The challenged hearsay statements were made nearly three weeks after the incident, by which time it appears that the young child had discussed the incident with her mother several more times. Moreover, the hearsay statements simply expanded on the original statement that adopted the mother's suggestive question. No steps were taken to ensure their reliability, and the state has not shown that they possess the "particularized guarantees of trustworthiness" as required by Wright, 497 U.S. at 822. In short, the state has not provided an "affirmative reason ... [to] rebut[ ] the presumption that a hearsay statement is not worthy of reliance at trial," Id. at 821.
 
 
 13
 After fully considering the remaining evidence introduced against the defendant, I think it clear that we are required to reverse the district court's order dismissing the habeas petition. The hearsay statements were critical to the prosecution's case and their improper admission had a "substantial and injurious effect on the verdict." Brecht v. Abramson, 113 S.Ct. 1710, 1714 (1993) (quoting Kotteakos v. United States, 328 U.S. 750 (1946)).
 
 
 14
 I would grant the writ of habeas corpus and, therefore, I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3