125 P.3d 211 (2005)
130 Wash.App. 841
STATE of Washington, Respondent,
v.
C.M.B., D.O.B: 01/02/1988, Appellant.
No. 55295-3-I.
Court of Appeals of Washington, Division One.
December 19, 2005.
*212 Seth Aaron Fine, Attorney at Law, Constance Mary Crawley, Snohomish Co. Pros. Office, Everett, WA, for Respondent.
Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Appellant.
GROSSE, J.
¶ 1 The competency of a child witness is presumed by statute, and absent a challenge by any party, the trial court is not required to conduct an examination of the child witness's competency. Because C.B. failed to timely challenge G.B.'s competency, the issue was waived. We affirm.

FACTS
¶ 2 C.B., a minor, was charged as a juvenile with first degree child molestation of 5-year-old G.B. Immediately prior to the adjudicatory hearing, the trial court held a hearing to determine the admissibility of child hearsay statements the victim had made to his mother and the police. At the hearing, G.B. testified and was cross-examined concerning his statements. The defense did not challenge G.B.'s competency at the hearing, nor did the court issue oral or written findings as to G.B.'s competency. The court admitted G.B.'s statements to his mother and the police. The trial court found C.B. guilty as charged.
¶ 3 C.B. appeals, arguing that the trial court's failure to expressly rule on G.B.'s competency violated his confrontation rights, and that the court abused its discretion in admitting G.B.'s statements to his mother because they were made in response to leading and suggestive questioning.

ANALYSIS
¶ 4 Contrary to C.B.'s assertion, the trial court is under no obligation to rule on the competency of any witness, absent a challenge by any party to the witness's competency. In fact, the statutes and court rules set out a scheme where a witness of any age is presumed competent absent a determination by the court that the witness is incompetent.
¶ 5 For example, ER 601 states that "[e]very person is competent to be a witness except as otherwise provided by statute or by court rule."[1] CrR 6.12(c) specifically addresses the competency of children. It states:
The following persons are incompetent to testify: (1) Those who are of unsound mind, or intoxicated at the time of their production for examination; and (2) children who do not have the capacity of receiving just impressions of the facts about which they are examined or who do not have the capacity of relating them truly.[2]
Similarly, the statute states that "[e]very person of sound mind and discretion, except as hereinafter provided, may be a witness in any action, or proceeding."[3] An exception to this general rule of competency is RCW 5.60.050, which states:
The following persons shall not be competent to testify:
(1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
(2) Those who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.[4]
¶ 6 Trial courts are given great deference over competency issues.[5] Furthermore, "[i]t is within the discretion of the trial court to conduct an examination of the child's competence, where the child witness is of an age statutorily presumed to be competent to testify, or where a competency statute does not *213 set a presumptive age of competency of a child offered as a witness."[6] Washington statutes do not set a presumptive age of competency of a child, but instead treat all "persons" the same for the purposes of competency.[7] Absent a challenge by any party to the competency of a witness, the trial court was under no obligation to examine G.B.'s competency.
¶ 7 C.B. cites State v. Clark[8] in support of his assertion that the trial court was obligated to expressly rule on G.B.'s competency. In Clark, the trial court denied the State's request to hold a competency hearing and a child hearsay hearing and dismissed the case after the defendant's multiple attempts to interview the child witness were unsuccessful. The court determined that it would have been impossible to set the hearings within the speedy trial period. We reversed, holding that the discovery issues and speedy trial rule did not support the dismissal and that the trial court abused its discretion in not holding a competency and child hearsay hearing. In issuing our decision, we stated that "[w]henever a child under 10 years old is offered as a witness, the court must assume the initiative in determining his competency."[9]
¶ 8 In making this pronouncement, we referenced a 1962 law review article which states: "When a child is under ten years of age (where competency is apparently presumed by statute), the court must assume the initiative in determining his competency."[10] The article references a former version of RCW 5.60.050 which provided for the incompetency of "[c]hildren under ten years of age, who appear incapable of receiving just impressions of the facts...."[11] The 1986 Legislature removed the reference to "[c]hildren under ten years of age," changing it to "[t]hose."[12] The same statute removed "suitable age" from the qualifications of competency set out in RCW 5.60.020.[13] The changes in the statutes removed the distinction between the competency of children and adults and eliminated any presumptive age of competency of a child, upon which the language in Clark was based. Under the current statutes, a child is presumptively competent at any age. Therefore, absent any challenge by the parties to G.B.'s competency, the decision of whether to conduct an examination of G.B.'s competency was within the trial court's discretion.
¶ 9 When the competency of a child witness is challenged by a party or the trial court decides an examination of the child's competency is warranted, the test of competency of a young child as a witness consists of the following:
(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.[14]
Furthermore, the trial court's determination of whether the child witness meets these requirements rests "primarily with the trial judge who sees the witness, notices his manner, and considers his capacity and intelligence[,]... matters that are not reflected in the written record for appellate review."[15]
¶ 10 A review of the record indicates that while the trial court did not expressly rule on competency, the State did address the issue before the court during the child hearsay *214 hearing. The State asked G.B. several questions about whether he knew the difference between telling the truth and telling a lie, whether it was good or bad to tell a lie, and whether certain statements made by the prosecutor were true or false based on facts observable to G.B. in the courtroom. A review of the record also reveals that G.B. gave a clear and detailed account of the events in question. Thus, the trial court had the opportunity to notice G.B.'s manner and consider his capacity and intelligence during the hearing. In the absence of any objection by the parties the trial court did not err in failing to issue an oral or written ruling on G.B.'s competency, as it was within the court's discretion to conduct a competency examination, and G.B.'s competence was presumed by the statutes.[16]
¶ 11 In essence, C.B. seeks to challenge the competency of G.B. for the first time on appeal. This is not permitted:
The objection to competency must be made at the first opportunity and failure to do so precludes further objection on that score. The competency of a witness is determined at the time the witness is offered, or as soon as it becomes apparent. The objecting party may not wait and hear the testimony and then, if it is unfavorable, object to the competency of the witness.
The competency of a witness cannot, in a criminal case, be raised for the first time on a motion to vacate the sentence or on appeal.[17]
To allow criminal defendants to challenge the competency of a witness for the first time on appeal would make a game of the criminal justice system, as it would allow criminal defendants to wait and hear if a witness's testimony was harmful, or cross-examination unsuccessful, or the verdict unfavorable, before raising the issue.
¶ 12 C.B. attempts to analogize cases where we allowed a trial court's competency determination to be challenged for the first time on appeal. In State v. Griffith[18] and State v. Swan[19] we held that in cases where the declarant witness is not produced, a showing of unavailability is constitutionally mandated by the confrontation clause before that witness's hearsay statement may be admitted. In these limited instances, a party's failure to preserve a challenge to a trial court's competency determination is not fatal.
¶ 13 The present case does not involve a situation where a declarant witness was not produced and does not implicate the constitutional mandate that a witness be found unavailable before his or her hearsay statement is admissible. To the contrary, G.B. was produced and did testify at length with regards to the events related in the statements he made to his mother and the police. The defense cross-examined G.B. There was no confrontation clause violation and C.B. waved the competency issue by failing to timely raise it below.
¶ 14 The trial court also did not abuse its discretion in finding that the "time, content, and circumstances" of G.B.'s statement to his mother provided "sufficient indicia of reliability" as required by RCW 9A.44.120(1). In determining the reliability of child hearsay, the court will consider nine factors: "(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statement[];" (4) the spontaneity of the statement; "(5) the timing of the declaration and the relationship between the declarant and the witness;" (6) whether the statement contained express assertions of the past fact; (7) whether the child's lack of knowledge could be established through cross-examination; (8) the remoteness of the possibility of the declarant's recollection being faulty; and (9) whether the surrounding circumstances *215 suggested the declarant misrepresented the defendant's involvement.[20] No single factor is decisive; rather, reliability is based on an overall evaluation of the factors.[21]
¶ 15 The trial court evaluated these factors in issuing its decision. The court found that G.B. had no motive to lie, he was a typical 5-year-old boy, the statements to his mother were spontaneous, G.B. had a trusting relationship with his mother, the statements contained expressed assertions about past facts, G.B. was available for cross-examination, the possibility of his faulty recollection was remote given the promptness of his statements, and the circumstances were such that there was no reason to believe that G.B. misrepresented C.B.'s involvement.
¶ 16 C.B. argues G.B.'s statements to his mother were unreliable because they were the product of his mother's extended, suggestive and leading questioning. The mother testified that she questioned G.B. because she was concerned that something bad could have happened. She also testified on cross-examination that she asked G.B., "[Y]ou didn't touch each other in a bad way, did you?" and that she pressured G.B. to tell her what happened. However, the mother also testified that she did not ask G.B. any clarifying questions, but instead she "was just letting him talk to [her]." Furthermore, it is evident from the record that the mother did not ask questions that suggested any particular conduct, and that G.B.'s statements were quite specific in their description of the abuse. Based on our reading of the record, we find that the trial court did not abuse its discretion in finding G.B.'s statements sufficiently reliable.
¶ 17 For the above reasons, we affirm the juvenile court's disposition order.
WE CONCUR: COX, C.J., and COLEMAN, J.
NOTES
[1] ER 601.
[2] CrR 6.12(c).
[3] RCW 5.60.020.
[4] RCW 5.60.050.
[5] See In re Dependency of A.E.P., 135 Wash.2d 208, 223, 956 P.2d 297 (1998).
[6] 81 Am.Jur.2d Witnesses § 203 (citations omitted).
[7] RCW 5.60.050.
[8] State v. Clark, 53 Wash.App. 120, 765 P.2d 916 (1988).
[9] Clark, 53 Wash.App. at 126, 765 P.2d 916.
[10] Stafford, The Child as a Witness, 37 Wash. L.Rev. 303, 312 (1962).
[11] Stafford, The Child as a Witness, 37 Wash. L.Rev. at 304.
[12] Laws of 1986, ch. 195, § 2.
[13] Laws of 1986, ch. 195, § 1.
[14] State v. Allen, 70 Wash.2d 690, 692, 424 P.2d 1021 (1967).
[15] Allen, 70 Wash.2d at 692, 424 P.2d 1021.
[16] See In re Dependency of A.E.P., 135 Wash.2d 208, 223, 956 P.2d 297 (1998) (written rulings addressing the Allen factors are encouraged but not required).
[17] 81 Am.Jur.2d Witnesses § 171.
[18] Griffith, 45 Wash.App. 728, 732 n. 1, 727 P.2d 247 (1986).
[19] Swan, 114 Wash.2d 613, 646, 790 P.2d 610 (1990) ("Arguably, the competency issue can be raised for the first time on appeal on the basis that the showing of unavailability is constitutionally mandated when the declarant witness, whose testimony is to be used against the defendant, is not produced.").
[20] See State v. Ryan, 103 Wash.2d 165, 175-76, 691 P.2d 197 (1984).
[21] See State v. Young, 62 Wash.App. 895, 902, 802 P.2d 829, 817 P.2d 412 (1991).