IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33549-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WILLIAM MARK JULIAN, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — William Julian appeals his convictions for two counts of first degree child molestation and one count of felony communication with a minor for immoral purposes. We affirm.

## FACTS

The facts are familiar to the parties and need not be recounted in detail. Mr. Julian was charged with sexually assaulting an eight-year-old child[1] who had been left in his care. After a contested hearing, the child in question was deemed competent to testify. In

---

[1] In his opening brief, Mr. Julian refers to the victim by her full name. Counsel is reminded that "in all pleadings, motions, and briefs filed with this Court all parties shall use initials or pseudonyms in place of the names of all child witnesses or any victims known to have been under the age of 18 at the time of any event in the case." Gen. Order of Division III, *In re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012).

addition to admitting the child's testimony, the trial court also allowed the State to introduce child hearsay statements.

Mr. Julian's criminal information had initially alleged three counts of first degree child molestation, one count of unlawful imprisonment with sexual motivation, and one count of misdemeanor communication with a minor for immoral purposes. However, prior to trial, the last count was amended to a felony based on the existence of a prior conviction for first degree child molestation. At trial, the parties stipulated to Mr. Julian's predicate offense, not naming the offense or the statute involved.

A jury found Mr. Julian guilty of two counts of first degree child molestation and felony communication with a minor for immoral purposes. Because Mr. Julian had previously been convicted of first degree child molestation, he was sentenced to life in prison as a persistent offender under RCW 9.94A.570 for the two counts of first degree child molestation and to 60 months for felony communication with a minor for immoral purposes. Mr. Julian appeals.

## ANALYSIS

*Amendment of Information*

Mr. Julian challenges the trial court's decision allowing the State to amend the information. He alleges the amendment prejudiced him because the enhanced charge

2

meant he potentially faced a life sentence without the possibility of release, the sentence he in fact received.

Mr. Julian's argument misapprehends the applicable law. While it is true an amendment to an information can be challenged based on prejudice, the type of prejudice contemplated pertains to a defendant's ability to present his or her case. *State v. Purdom*, 106 Wn.2d 745, 749, 725 P.2d 622 (1986). Typically, this form of prejudice can be addressed by a continuance. *State v. Murbach*, 68 Wn. App. 509, 512, 843 P.2d 551 (1993). "[T]he possibility of a harsher penalty, standing alone, does not constitute specific prejudice." *State v. James*, 108 Wn.2d 483, 489-90, 739 P.2d 699 (1987). The trial court acted within its discretion in permitting the State's amendment.

*Stipulation to Predicate Offense*

Mr. Julian next argues it was unfair for the trial court to advise the jury he had a predicate sexual offense, as admitted in his stipulation.[2] Mr. Julian cites to no authority for this argument nor does he provide much in the way of reasoned analysis. We perceive no error.

---

[2] Mr. Julian also summarily argues the jury should not have been provided with a special verdict form relating to this count. Because he provides no citations to cases nor analysis for this claim and because it is concluded the stipulation was proper, this argument is not addressed. *See* RAP 10.3(a)(6); *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990).

3

The manner in which the trial court handled Mr. Julian's stipulation was consistent

with *Old Chief v. United States*, 519 U.S. 172, 190-91, 117 S. Ct. 644, 136 L. Ed. 2d 574

(1997). The jury was shielded from details of Mr. Julian's prior offense. Nothing further

was required. *State v. Gladden*, 116 Wn. App. 561, 566, 66 P.3d 1095 (2003); *State v.*

*Roswell*, 165 Wn.2d 186, 198, 196 P.3d 705 (2008).

## Challenges to the Victim's Statements

Mr. Julian's next three arguments concern the child victim's testimony and

statements. He first argues the child was not competent to testify as she lacked the ability

to truthfully relate her impressions of the events giving rise to his charges. Second, he

contends the trial court erroneously admitted prior statements under the child hearsay

rule. Finally, he argues the court's decision to admit the child hearsay evidence was more

prejudicial than probative, in violation of ER 403.

### Competence

This court reviews a trial court's competency determination for manifest abuse of

discretion. *State v. Swan*, 114 Wn.2d 613, 645, 790 P.2d 610 (1990). This is an

extremely deferential standard. *State v. Woods*, 154 Wn.2d 613, 617, 114 P.3d 1174

(2005) (because "[t]he competency of a youthful witness is not easily reflected in a

written record, and [an appellate court] must rely on the trial judge who sees the witness,

4

notices the witness's manner, and considers his or her capacity and intelligence").

In his challenge to the child witness's competence, Mr. Julian argues the child lacked sufficient memory of the alleged assaults and appeared to have been coached.[3] The record does not reflect Mr. Julian met his burden[4] of substantiating these claims. The child victim was able to remember details about her life from the time period of the offense conduct, including a description of the interior of Mr. Julian's apartment. She testified coherently, did not engage in fantastical thinking, and was able to differentiate truth from a lie. Contrary to Mr. Julian's assertions, ample evidence suggests the child's testimony came from her own memory, not coaching. The child's mother denied discussing events in detail with her daughter, and the child testified prosecutors did not tell her what to say. Testimony from the defense expert that law enforcement used suggestive interviewing techniques went to the weight of the child's credibility, not the admissibility.

---

[3] Five factors govern a court's analysis of child witness competence: (1) the child's understanding the obligation to tell the truth, (2) the child's mental capacity to receive accurate information at the time of the event in question, (3) a sufficient memory to retain an independent recollection, (4) the capacity to express memory in words, and (5) the capacity to understand simple questions. *State v. Allen*, 70 Wn.2d 690, 692, 424 P.2d 1021 (1967). Any inconsistencies in a child witness's testimony go to credibility, not admissibility. *State v. Przybylski*, 48 Wn. App. 661, 665, 739 P.2d 1203 (1987).

[4] *State v. S.J.W.*, 170 Wn.2d 92, 100-02, 239 P.3d 568 (2010).

5

No. 33549-6-III
*State v. Julian*

*Child Hearsay*

Mr. Julian's second challenge pertains to the admission of child hearsay statements

under RCW 9A.44.120. Because the child was properly deemed competent and made

available for cross-examination, Mr. Julian's only possible remaining claim is the child

hearsay statements were insufficiently reliable.[5] The trial court's reliability decision is

reviewed for abuse of discretion. *Swan*, 114 Wn.2d at 665-66.

We find the trial court had sufficient reasons for rejecting Mr. Julian's various

claims regarding reliability:

- Motive to lie: The child denied she was motivated to lie about abuse in

  order to gain her mother's attention. In addition, the evidence did not

  suggest anything specific about Mr. Julian that would prompt the victim to

  lie about him.

- Character of the victim: School records and testimony from the child's

---

[5] Reliability turns on the totality of nine nonexclusive factors: "(1) whether there is an apparent motive to lie, (2) the general character of the declarant, (3) whether more than one person heard the statement, (4) the spontaneity of the statements, (5) the timing of the declaration and the relationship between the declarant and the witness, (6) whether the statement contained express assertions of past fact, (7) whether the declarant's lack of knowledge could be established through cross-examination, (8) the remoteness of the possibility of the declarant's recollection being faulty, and (9) whether the surrounding circumstances suggested the declarant misrepresented the defendant's involvement." *State v. Kennealy*, 151 Wn. App. 861, 880, 214 P.3d 200 (2009).

mother did not indicate the child had any significant problems with dishonesty. Behavior problems that arose during the time frame of the abuse could be understood as a responses to the abuse.

- Lack of spontaneity: The hearsay statements were not made in response to overly leading questions nor did the statements in the video appear rehearsed. They were thus sufficiently spontaneous.

- Timing and relationship with witness: All the out-of-court statements occurred over a relatively short period of time. The people to whom statements were made were reasonable, given the child's circumstances.

- Faulty recollection: Consistencies between the child's statements and physical evidence such as bruising indicated a sufficient memory.[6]

*ER 403*

Mr. Julian's final challenge to the child's hearsay statements is, even if reliable, they should not have been admitted because they are cumulative and unduly prejudicial. He also contends the trial court essentially commented on the child's credibility by

---

[6] Mr. Julian also argues, for the first time on appeal, the child's out-of-court statements were not reliable because the child misrepresented the defendant's involvement. To the extent this argument has not been waived, it is not sufficiently strong to offset the other factors favoring reliability.

admitting multiple child hearsay statements.

Mr. Julian's first argument fails because he did not object on ER 403 grounds in the trial court. He thus waived this argument. RAP 2.5(a); *State v. Chase*, 59 Wn. App. 501, 508, 799 P.2d 272 (1990) (any violation of ER 403 is not of constitutional magnitude and cannot be raised for the first time on appeal).

Mr. Julian's second contention fails on the merits. The admission of child hearsay statements was not a comment on the evidence. The statements were the evidence. Standing alone, admission of evidence cannot be considered an unconstitutional comment on the evidence. *State v. Gentry*, 125 Wn.2d 570, 638-39, 888 P.2d 1105 (1995).

*Sufficiency of Evidence*

Lastly, Mr. Julian argues that because the child victim was not credible, the State presented insufficient evidence to justify his conviction. This is not a viable challenge. The jury was entitled to believe the child witness.[7]

STATEMENT OF ADDITIONAL GROUNDS

Mr. Julian contends the trial court improperly admitted the child's statements to the forensic interviewer. Because this concern has already been adequately addressed in

---

[7] The question submitted by the jury prior to the verdict does not undermine the verdict and cannot be used to impeach the verdict. *State v. Ng*, 110 Wn.2d 32, 43, 750 P.2d 632 (1988).

No. 33549-6-III
*State v. Julian*

the briefing, it does not merit further review. RAP 10.10(a).

CONCLUSION

The judgment and sentence of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

9